MATTER OF R——G——

In EXCLUSION Proceedings

A-8945675

*Decided by Board September 2, 1958*

Excludability—Specific statutory ground not required for exclusion of alien who would immediately become deportable upon entry—Deportability Section 241(a)(5) of 1952 act not a continuing ground of deportation when alien is lawfully admitted for permanent residence.

(1) Notwithstanding lack of a specific statutory ground of exclusion, an alien who upon entry would immediately become subject to deportation should be found excludable. (Accord, *Matter of V——*, 56096/451, 1 I. & N. Dec. 293; distinguished, *Matter of V——*, A-8613142, 7 I. & N. Dec. 565.)

(2) An alien deportable under section 241(a)(5) of the act (whether for failure to comply with registration provisions of section 265 or because of conviction under 18 U.S.C. 1546) would not again become deportable by reason of the same conduct when, following departure, he has been lawfully admitted for permanent residence.

EXCLUDED: Subject to deportation under section 241(a)(5) of the Immigration and Nationality Act (8 U.S.C. 1251(a)(5))—Convicted of violation of 18 U.S.C. 1546.

**BEFORE THE BOARD**

**Discussion:** This case is before us on the Regional Commissioner's motion for reopening and reconsideration.

The applicant is a 23-year-old unmarried female, native and citizen of Mexico. On April 10, 1955, she attempted entry by representing herself to be G——R——, a citizen of the United States. Upon interrogation on the same day, she admitted her alienage. She pleaded guilty to a violation of 18 U.S.C. 1546 and on May 17, 1955, she was sentenced to imprisonment for 6 months but execution of the sentence was suspended. She departed from the United States about 3 days later.

After obtaining an immigrant visa, the applicant on August 21, 1956, applied for admission for permanent residence. The special inquiry officer was of the opinion that the applicant, if admitted to the United States, would immediately become deportable under section 241(a)(5) of the Immigration and Nationality Act (8 U.S.C. 1251(a)(5)), and he concluded that she was inadmissible for that reason. An appeal from that decision was dismissed by this Board on October 23, 1956.

In his decision of September 10, 1956, the special inquiry officer referred to certain appealing factors. The applicant's 9 brothers and sisters, 5 of whom were born in the United States, and her parents all now reside in this country. The alien members of the family are lawful permanent residents. The special inquiry officer stated that the applicant did not actually present the birth certificate of G——R—— on April 10, 1955; that she was encouraged to attempt the illegal entry by another individual who did most of the talking to immigration officers; and that, as of the date of the excluding decision, the Service was no longer urging prosecution under 18 U.S.C. 1546 in such cases.

The Regional Commissioner's motion for reconsideration cited our decision in *Matter of V——*, A–8613142, 7 I. & N. Dec. 565 (1957), and interpreted it to mean that even if an alien would be subject to deportation proceedings after entry, he should not be excluded for that reason. It is true that a statement appears in headnote 3 of that decision that the contention that the alien was excluable under section 241(c) of the Immigration and Nationality Act on the theory that if admitted he would immediately become deportable, was rejected by the Board. Actually, the decision in that case did not contain any discussion of whether the alien, if admitted, would immediately become deportable under section 241 (c). We did not state that lack of a specific exclusion ground in section 212(a) required an alien's admission notwithstanding that he would immediately become subject to deportation upon entering the United States; and the contrary has been the long-standing administrative practice since *Matter of V——*, 56096/451, 1 I. & N. Dec. 293 (1942). We adhere to the views stated there.

The factor which distinguishes *Matter of V——*, 7 I. & N. Dec. 565, from the case of the applicant is that there was a specific statutory provision which rendered him inadmissible, that is, section 212(a)(19), whereas there is no specific paragraph of section 212(a) which requires the applicant's exclusion. In effect, our holding there was merely that the language of the exclusion provision governs in exclusion proceedings and not the language of some related deportation provision. In view of the foregoing, the question in the applicant's case resolves itself into whether she would be deportable under section 241(a)(5) if admitted to the United States.

The question stated above was previously considered by us in *Matter of S——*, A–10555066–7, 7 I. & N. Dec. 536 (1957). That case involved two aliens who were also deportable under section 241(a)(5) of the Immigration and Nationality Act. We held that a temporary absence would not defeat deportation but that, following the lawful admission of the aliens for permanent residence, they

would not again be deportable by reason of the acts which had previously formed the basis for deportation. There the aliens were deportable under the first clause of paragraph (5) of section 241(a) which relates to one who "has failed to comply with the provisions of section 265 * * *" whereas, the present applicant's deportability is dependent upon the last clause of the same paragraph which reads, "has been convicted under section 1546 of title 18 of the United States Code." We can perceive no logical reason why different rules should be applied to these two clauses of the same statutory provision.

There is one statement in *Matter of S——*, *supra*, which might, at first glance, be considered a factor distinguishing it from the case of this applicant. It is a statement to the effect that if the respondents should receive permission to reapply for admission after arrest and deportation, they would not be ineligible for admission to the United States because of their violation of section 265. The decision itself shows that the respondents would not be subject to deportation under section 241(a)(5) following their lawful admission for permanent residence and that this would be true regardless of whether they were granted permission to reapply. The reason the respondents needed permission to reapply was because the decision contemplated that they would be deported. A grant of permission to reapply eliminates only section 212(a)(16) or (17) as a ground of exclusion, and an alien granted such permission would still be inadmissible if he is excludable on some other ground. There would be no statutory authority for applying a broader scope to the grant of permission to reapply. Hence, the above-mentioned statement in *Matter of S——*, *supra*, means, (1) that the aliens would not be ineligible for admission to the United States because of their violation of section 265, and (2) that they will require permission to reapply following their deportation.

For the reasons stated in *Matter of S——*, *supra*, we hold that the applicant will not be deportable under section 241(a)(5) following her lawful admission for permanent residence. Since it was solely on the basis of her supposed deportability under section 241(a)(5) that the applicant was excluded and inasmuch as she appears to be otherwise admissible, we will grant the Regional Commissioner's motion.

**Order:** It is ordered that the motion of the Regional Commissioner be granted.

*It is further ordered* that the order of this Board dated October 23, 1956, be withdrawn; that the alien's appeal from the special inquiry officer's order of September 10, 1956, be sustained; and that she be admitted for permanent residence.