MATTER OF LEE

In Deportation Proceedings

A-10773765

*Decided by Board July 31, 1967*

Notwithstanding respondent's full and unconditional pardon by the Governor of the State of California for his narcotics conviction, motion to reopen to apply for the benefits of section 249, Immigration and Nationality Act, as amended, is denied since the pardon is ineffective under section 241(b) of the Act to immunize him from deportation on the ground of his narcotics violation (and once admitted, he would be subject to immediate deportation under section 241(a)(11)), nor does it remove the narcotics ground of inadmissibility under section 212(a)(23).

CHARGE:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Narcotics possession, conviction: possession of opium, violation of section 11500, California Health and Safety Code.

ON BEHALF OF RESPONDENT: Joseph S. Hertogs, Esquire
Jackson & Hertogs
580 Washington Street
San Francisco, California 94111
(Brief filed)

The respondent, a native of the mainland of China and a citizen of the Republic of China on Formosa, has been found deportable as one convicted of a narcotic violation pursuant to section 241(a)(11) of the Immigration and Nationality Act (8 U.S.C. 1251(a)(11)). An order providing for the respondent's deportation to the Republic of China on Formosa was issued by the special inquiry officer on January 9, 1963. There was no appeal from this decision.

The respondent now moves for a reopening of the proceedings to afford him an opportunity to apply for the creation of a record of lawful admission for permanent residence under section 249 of the Immigration and Nationality Act (8 U.S.C. 1259). The special inquiry officer, in an order dated June 14, 1967, denied the motion. The respondent appeals from this order.

The respondent is a married male alien, 54 years of age, who last entered the United States through the port of San Francisco, California on July 21, 1939. He was admitted as a citizen on this occasion. He revealed his true identity and citizenship in 1960.

The respondent, on June 3, 1955, was convicted in the Superior Court of the State of California in and for the County of San Joaquin, of unlawful possession of opium in violation of section 11500 of the California Health and Safety Code. He served 90 days in the county jail for the narcotic conviction.

The respondent, on December 23, 1962, was granted a full and unconditional pardon by the Governor of the State of California for the narcotic offense. The special inquiry officer denied the motion on the ground that the respondent is ineligible for relief under section 249 of the Immigration and Nationality Act because of the provisions of section 241(b) and section 212(a) (23) of the same Act. The special inquiry officer reasons that notwithstanding the fact that there is no expressed provision of the Immigration and Nationality Act rendering a pardon ineffective to prevent excludability, the respondent would immediately upon reentry be deportable under section 241(a)(11) as section 241(b) renders his pardon unavailable as a waiver of deportability.

Counsel urges error in the conclusion reached by the special inquiry officer. He argues that the respondent is not inadmissible under section 212(a) (23) of the Act because the restriction found in section 241(b) has no application in an exclusion proceeding. Counsel maintains that our decision in *Matter of R—G—*, 8 I. & N. Dec. 128 (B.I.A., September 2, 1958) is distinguishable from the respondent's case. We held in *Matter of R—G (supra)* that notwithstanding the lack of a specific statutory ground of exclusion, an alien who upon entry would immediately become subject to deportation should be found excludable. Counsel refers to a statement in *Matter of R—G (supra)* which said that our holding in *Matter of V—*, 7 I. & N. Dec. 565, was merely that the language of the exclusion provision governs in exclusion proceedings and not the language of some related deportation provision.

Counsel, on the basis of the foregoing reasons that the inadmissibility required under section 249 must be determined under section 212 of the Act since section 212(a) (23) contains a provision relating to a narcotic violation. Counsel argues that the special inquiry officer is in error when he relied on section 241(b) of the Act as a sufficient basis to conclude that the respondent is excludable under section 212(a)(23) of the same Act and that this conclusion is contrary to the precedent decisions of this Board.

Section 249 provides, inter alia, "a record of lawful admission for permanent residence may . . . be made in the case of any alien . . . if . . . such alien shall satisfy the Attorney General that he is not inadmissible under section 212(a) insofar as it relates to . . . violators of the narcotic laws . . ." Accordingly, a record of lawful admission cannot be created in behalf of the respondent unless the pardon granted him by the Governor of California removes the ground of inadmissibility set forth in section 212(a)(23) of the Act.

We believe that the respondent's ineligibility for relief under section 249 is controlled by the last sentence of section 241(b) which renders a pardon ineffective in the case of any alien who has been convicted of a narcotic violation. A grant of permanent residence under section 249 would not make the respondent immune from deportation because his pardon does not waive a narcotic conviction. Since the respondent would be subject to immediate deportation under section 241(a)(11) of the Act once he was admitted and since there is a provision of section 241(a) which renders an alien deportable if he was excludable by law at the time of entry, we find no logical reason to support a conclusion that the pardoning provisions of section 241(b) apply to a narcotic ground of excludability without the limitation which denies the waiver to an alien "who is charged with being deportable" as a narcotic violator. Under the circumstances, we find that the respondent is ineligible for the creation of a record of lawful admission under section 249 of the Immigration and Nationality Act. Regardless of the pardon which sets aside the respondent's conviction, nevertheless he is a "violator" as that term is used in section 249 (*supra*).

Counsel also urges that that portion of section 241(b) (*supra*) which limits the pardoning power of the executive branch of the Government is unconstitutional and not properly the subject of legislative control. Counsel relies upon a case decided by the Supreme Court wherein it was stated that "a pardon reaches both the punishment prescribed for the offense and the guilt of the offender; and when the pardon is full, it releases the punishment and blots out of existence the guilt, so that in the eye of the law the offender is as innocent as if he never committed the offense." *Ex parte Garland*, 71 U.S. 366, 377 (1867).

This Board has consistently held that it is not within our province to pass upon the constitutionality of the statutes we administer. *Matter of L-*, 4 I. & N. Dec. 556 (B.I.A. November 21, 1951). We affirm the order entered by the special inquiry officer denying the respondent's motion to reopen the proceedings and will dismiss the appeal.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.