MATTER OF DESSI

In Visa Petition Proceedings

A-14780295

*Decided by Regional Commissioner September 8, 1966*

A visa petition to accord beneficiary preference classification under section
203(a)(6), Immigration and Nationality Act, as amended by P.L. 89-236,
as an orthopedic shoemaker, is denied since petitioner's annual gross income
($8,000) is not convincing that, pursuant to section 204(a) of the Act, he
actually intends to employ the beneficiary at the weekly salary ($100)
set forth in the Labor certification; further, there is no evidence bene-
ficiary has had experience in making plastic forms and in repairing and
altering orthopedic shoes as specified in the Labor certification.

This matter is before the Regional Commissioner on appeal from
the denial of the visa petition to accord the beneficiary sixth pref-
erence immigrant status as an orthopedic shoemaker.
The petitioner is engaged in the manufacture of orthopedic and
custom-made shoes and in the repair of such footwear. The visa
petition discloses that he does a gross business of $8,000 a year;
that he has one employee, his wife, who is unable to continue in
the job because of poor eyesight; that he requires the services of
the alien in order to expand. It is further indicated that he has
filed three previous petitions, although their disposition is not shown.
The Department of Labor certification dated January 20, 1966,
submitted in this case reflects that the position calls for a "shoe
fitter, custom made" with 5 years' experience. The rate of pay is
shown as $100.00 per week and the duties of the job are described
as follows:

Make plastic forms of deformed feet, and make shoes scaled to a particular
individual's feet. Repair and make alterations on orthopedic shoes.

The beneficiary is an Italian citizen, born September 8, 1932, at
Catona, Reggio Calabria, Italy, who was admitted to the United
States for permanent residence on November 20, 1954. She subse-
quently returned to Italy on September 17, 1955, for the purpose
of getting married and has since remained in that country with her

husband. The records of this Service further reveal that up to the time of her departure, the beneficiary was employed at a dress shop in Brooklyn, New York. The documentary evidence initially furnished with the petition stated that she was engaged as a sewer of orthopedic shoes" by Antonino Condello at Reggio Calabria, Italy, from October 1, 1955, until December 31, 1960. Documents which were later submitted on appeal assert that she was actually employed there as an orthopedic shoemaker; that she took measurements of deformed feet, made the forms with chalk, and manufactured the completed shoe according to the customer's needs.

The entire record in this case has been very carefully reviewed, and consideration given the additional evidence furnished on appeal. Section 204(a) of the Immigration and Nationality Act, as amended, provides in part that "any person *desiring and intending* to employ within the United States an alien entitled to classification as a preference immigrant under section 203(a)(6), may file a petition with the Attorney General for such classification." (Emphasis supplied:) In the matter at hand, it is noted that the petitioner's gross volume of business amounts to only $8,000 a year. Under the circumstances, we are not convinced that he actually intends and is financially able to engage the beneficiary as an orthopedic shoemaker at the $100.00 weekly salary set forth in the Labor certification.

In addition to the foregoing, the Department of Labor's Dictionary of Occupational Titles, Volume II, Third Edition, reveals that the occupations of custom shoemaker, code 788.381, and orthopedic boot and shoe designer and maker, code 788.281, both fall within the category of highly skilled crafts in which apprenticeships providing 2 to 6 years of on-the-job training and trade instruction are the generally accepted methods of entry into these fields. It is purported that the instant beneficiary commenced employment as an orthopedic shoemaker, without any previous background in such work, 2 weeks after her arrival in Italy for the purpose of marriage. In any event, there is no evidence that she has had experience in making plastic forms, and in repairing and altering orthopedic shoes as specified in the Labor certification.

In view of the foregoing, we do not find it has been satisfactorily established that the alien is entitled to sixth preference quota classification in the capacity for which her services are being sought. This appeal, therefore, will be dismissed.

ORDER: It is ordered that the appeal be and same is hereby dismissed.