## MATTER OF WOLF

### In Deportation Proceedings

### A-20535964

*Decided by Board March 2, 1977*

(1) Respondent conceded deportability under section 241(a)(2) of the Immigration and Nationality Act as a nonimmigrant who remained beyond the authorized period of admission. The only issue on appeal involves respondent's application for adjustment of status under section 245 of the Immigration and Nationality Act which was opposed by the Service on the ground that respondent was inadmissible to the United States under section 212(a)(23) of the Act by reason of his conviction in England for illicit possession of marihuana.

(2) Respondent was convicted of having a dangerous drug, *cannabis resin,* in his possession without being duly authorized, in violation of Regulation 3, Dangerous Drugs (No. 2) Regulations 1964, and Section 12 Dangerous Drugs Act of 1965, a statute which makes lack of knowledge that a prohibited substance is in one's possession irrelevant to the offense. See *Lennon v. INS,* 527 F.2d 187 (2 Cir. 1975).

(3) Since Congress did not intend to impose the harsh consequences of exclusion upon an individual convicted of possession of drugs under a foreign law that made guilty knowledge irrelevant to the offense, the decision of the immigration judge granting respondent's section 245 application was correct.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant—remained longer

ON BEHALF OF RESPONDENT:  Dennis M. Mokai, Esquire
5680 Wilshire Boulevard, Suite 1800
Los Angeles, California 90036

BY: Milhollan, Chairman; Wilson, Torrington, Maniatis, and Appleman, Board Members

In a decision dated February 18, 1976, after finding the respondent deportable as charged, the immigration judge ordered that the respondent's application for adjustment of status under section 245 of the Immigration and Nationality Act be granted subject to the condition that no derogatory information be revealed in the administrative processing of the application. The Service has appealed from that decision. The appeal will be dismissed.

The respondent, a native and citizen of Great Britian, admitted the truth of the allegations contained in the Order to Show Cause and has

conceded deportability under section 241(a)(2) of the Act as a nonimmigrant who remained beyond the authorized period of admission. The only issue on appeal involves the respondent's application for adjustment of status under section 245 of the Act.

The immigration judge found that the respondent was statutorily eligible for section 245 relief and merited a favorable exercise of discretion. The Service, however, opposed the grant on the ground that the respondent is inadmissible to the United States under section 212(a)(23) of the Act by reason of a conviction in England for the illicit possession of marihuana.

The respondent admits that he was in fact convicted of illicit possession of marihuana. The immigration judge, however, concluded that the conviction involved in the present case did not subject the respondent to the exclusion provisions of the Act. In so holding, the immigration judge relied on the decision of the United States Court of Appeals for the Second Circuit in *Lennon* v. *INS*, 527 F.2d 187 (2 Cir. 1975).

In *Lennon* the court held, as did we in *Matter of Lennon*, Interim Decision 2304 (BIA 1974), rev'd, *Lennon* v. *INS, supra*, that Congress did not intend to impose the harsh consequences of exclusion upon an individual convicted of possession of drugs under a foreign law that made guilty knowledge irrelevant. However, in its analysis of the British statute involved, the court reached a conclusion different from ours: it held that the particular statute imposed absolute liability for unauthorized possession of drugs, and it vacated the order of deportation.

The record of conviction in the present case indicates that the respondent was convicted of having a dangerous drug, *cannabis resin*, in his possession without being duly authorized in violation of Regulation 3, Dangerous Drugs (No. 2) Regulations 1964, and Section 12 Dangerous Drugs Act 1965, the statutory provisions involved in the *Lennon* case (Ex. 3). We have decided to follow the Second Circuit's interpretation of the statute involved, specifically, that lack of knowledge that a prohibited substance is in one's possession is irrelevant to the offense as set out in the British statute.

In so holding, we note that, after the Notice of Appeal was filed in the present case, the Service decided to adopt the court's decision in *Lennon* with respect to convictions for "innocent" possession under the United Kingdom's Dangerous Drugs Act of 1965. See Memorandum to Regional Commissioners from Deputy Commissioner, October 29, 1976.

We conclude that the immigration judge's decision granting the application for adjustment of status under section 245 of the Act was correct. Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.