## MATTER OF SANCHEZ

### In Deportation Proceedings

### A–31185072

*Decided by Board September 27, 1977*

(1) On April 20, 1971, respondent was convicted of a violation of 18 U.S.C. 1546 for fraud and misuse of visa, permits, and other entry documents. He was deported from the United States on April 23, 1971, under section 241(a)(1) of the Immigration and Nationality Act on the ground that at the time of entry he was not in possession of an immigrant visa.

(2) On November 22, 1971, respondent was admitted to the United States as a lawful permanent resident but had failed to obtain advance permission to reapply for admission, and was found deportable under section 241(a)(1) of the Act on October 30, 1972, as an alien excludable at time of entry under section 212(a)(17) of the Act. However, on September 22, 1975, the Acting Regional Commissioner granted him nunc pro tunc permission to reapply, eliminating the section 212(a)(17) ground of excludability. The Service then lodged a charge of deportability under section 241(a)(5) based on respondent's previous conviction for violation of 18 U.S.C. 1546.

(3) An alien previously deported under section 241(a)(5) of the Act will not again be deportable on the same ground by reason of the same acts if he returns to the United States. This is so even though this respondent was previously deported under section 241(a)(1) of the Act.

(4) *Matter of R—G—*, 8 I. & N. Dec. 128 (BIA 1958), reaffirmed.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry, previously deported, no permission to reapply.

Lodged: Act of 1952—Section 241(a)(5) [8 U.S.C. 1251(a)(5)]—Convicted under section 1546 of Title 18 of the United States Code

ON BEHALF OF RESPONDENT:  
Donald L. Ungar, Esquire  
517 Washington Street  
San Francisco, California 94111

ON BEHALF OF SERVICE:  
George Indelicato  
Appellate Trial Attorney

BY: Milhollan, Chairman; Wilson, Maniatis, Appleman, and Maguire, Board Members

In a decision dated December 18, 1975, we granted the respondent's motion to reopen and remanded the record to the immigration judge for

further proceedings. In an order dated November 8, 1976, the immigration judge terminated proceedings. The Service has appealed. The appeal will be dismissed.

The respondent, a 26-year-old native and citizen of Mexico, was convicted on April 20, 1971, in the United States District Court for the Northern District of California of violating 18 U.S.C. 1546 (fraud and misuse of visa, permits, and other entry documents). He was thereafter deported from the United States on April 23, 1971, on the ground that at the time of his entry he was not in possession of an immigrant visa. An application for permission to reapply for admission into the United States after deportation was denied by the District Director on June 7, 1971, and an appeal from that decision was dismissed by the Regional Commissioner on August 24, 1971.

Nevertheless, the respondent gained admission into the United States on November 22, 1971, as a lawful permanent resident. On October 30, 1972, the immigration judge found the respondent deportable under section 241(a)(1) of the Act as an alien who was excludable at the time of entry, under section 212(a)(17). We dismissed an appeal from that decision on March 8, 1973.

In our order dated December 18, 1975, we granted the respondent's motion to reopen on the basis of an Acting Regional Commissioner's order of September 22, 1975, according the respondent retroactive permission to reapply for admission as of November 21, 1971, a date prior to his last entry into the United States. Although this nunc pro tunc grant of permission to reapply for admission eliminates the basis for the section 212(a)(17) charge of deportability, we remanded the record to the immigration judge to allow the Service to lodge an additional charge of deportability under section 241(a)(5) of the Act based on the respondent's conviction for violating 18 U.S.C. 1546.

In view of the Supreme Court's decision in *U.S.* v. *Campos-Serrano*, 404 U.S. 293 (1971), holding that possession of a fraudulent Alien Registration Receipt Card was not an act punishable under 18 U.S.C. 1546, the immigration judge terminated proceedings. We need not address the issue of whether the ruling in *Campos-Serrano, supra,* should be given retroactive effect to reach the same result. We reaffirm our precedent decision in *Matter of R—G—,* 8 I. & N. Dec. 128 (BIA 1958), and hold that an alien deportable under section 241(a)(5) would not again become deportable when, following departure, he had been lawfully admitted for permanent residence —any of our decisions to the contrary notwithstanding.

We recognize the Service argument that because the alien in this case was originally deported under a section 241(a)(1) charge as opposed to a section 241(a)(5) charge, that *Matter of R—G* is not necessarily dispositive. However, we take this opportunity to clarify that holding.

In *Matter of R—G—*, we discussed *Matter of S—*, 7 I. & N. Dec. 536 (BIA 1957), wherein we held that following the lawful admission of an alien for permanent residence, he would not again be deportable by reason of the acts which had previously formed the basis for the deportation under section 241(a)(5). In *Matter of S—*, the aliens were deportable under the first clause of section 241(a)(5), whereas in *Matter of R—G—*, the alien's deportability was dependent on the last clause of the same section. Nevertheless, no reason was found for applying different rules, and in *Matter of R—G—* the alien was admitted into the United States. We thus read *Matter of R—G—* as applying the rule, first enunciated in *Matter of S—*, that an alien previously deported under section 241(a)(5), will not again be deportable on the same ground by reason of the same acts which he has committed, if he returns to the United States.[1]

The case before us is like *Matter of S—* in that it arises within the context of deportation proceedings. *Matter of R—G—* is applicable because a conviction under 18 U.S.C. 1546 was the basis for exclusion there and is the present basis for deportation here. As noted in *Matter of S—*, "Congress contemplated the lawful entry of a person previously deported under section 241(a)(5)." Thus, an alien previously deported under section 241(a)(5) is not forever barred from reapplying for admission to the United States.

Similarly, an alien previously deported under any section of the Act is not forever barred from reentering the United States, if the proper waivers are obtained,[2] simply because of conduct which would have rendered him deportable under section 241(a)(5) prior to his deportation. Thus, the fact that the respondent in this case was not actually deported under section 241(a)(5) is an insufficient reason for applying a different rule from that described in *Matter of R—G—*. *Matter of R—G—*, therefore, is applicable and will be given binding recognition. Inasmuch as the respondent was lawfully admitted to the United States

---

[1] This rule was apparently adopted to avoid the harsh results that might occur if the rule set forth in *Matter of V—*, 1 I. & N. Dec. 293 (BIA 1942) had been blindly applied. In *Matter of V—*, we held that an alien could be excluded on the basis of conduct which would be a ground for deportability, but not a ground of excludability. The reasoning behind that rule, was that it would be futile to admit someone, only to have him immediately become subject to deportation upon entering the United States. See *Matter of O*, 8 I. & N. Dec. 292, 293 (Asst. Comm. 1959; BIA 1959) and cases cited therein.

[2] In *Matter of R—G—*, we held that an alien "will not be deportable under section 241(a)(5) following her lawful admission for permanent residence." No mention was made of any other ground of deportability because the alien in that case had not been previously deported. In the case before us, the only other ground for deportability, under section 241(a)(1), was removed by the Regional Commission's nunc pro tunc grant of permission to reapply for admission to the United States. Thus, the only charge of deportability before us is under section 241(a)(5).

as a permanent resident, he will not be deportable under section 241(a)(5) based upon an earlier conviction.

The immigration judge found that although the respondent stated in his application for an immigrant visa that he had never been deported, he did show that he had been pardoned for illegal entry. Moreover, he revealed to the consul that he had used a "mica" to enter the United States, although he also stated that he had never been convicted of any crimes. The immigration judge, therefore, concluded that although the statements contained in the application were conflicting, they were also revelatory. Because the respondent completed the application without assistance, the immigration judge found that he was incapable of properly executing the document and thus, had no intention of deceiving the consul or anybody else. As the immigration judge is given primary responsibility for judging the credibility of witness,[3] we will not overturn his determination that the respondent was lawfully admitted to the United States as a permanent resident on November 22, 1971. Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.

---

[3] See *Matter of Teng*, Interim Decision 2452 (BIA 1975); *Matter of T—*, 7 I. & N. Dec. 417 (BIA 1957).