## MATTER OF RAFIPOUR

### In Deportation Proceedings

#### A-21017491

*Decided by Board March 13, 1978*

Despite respondent's conviction under 8 U.S.C. 1306(c) (filing application for alien registration containing statements known by him to be false) a deportable offense under section 241(a)(5), he is not excludable and, therefore, not ineligible for adjustment of status. *Matter of R—G—,* 8 I. & N. Dec. 128 (BIA 1958) reaffirmed. See also *Matter of Sanchez,* Interim Decision 2617 (BIA 1977).

**CHARGE:**

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant student—remained longer than permitted

ON BEHALF OF RESPONDENT:
Donald L. Ungar, Esquire
Phelan, Simmons & Ungar
517 Washington Street
San Francisco, California 94111

ON BEHALF OF SERVICE:
Sabri Kandah, Acting
Appellate Trial
Attorney

Brian H. Simpson
Trial Attorney

BY: Milhollan, Chairman; Wilson, Maniatis, and Appleman, Board Members. Board Member Maguire dissenting.

The Service appeals from the decision of an immigration judge, dated September 24, 1976, in which he granted the respondent's application for adjustment of status. The appeal will be dismissed.

The record relates to a 26-year-old native and citizen of Iran who entered the United States as a nonimmigrant student on January 2, 1970, authorized to remain until June 8, 1973. On April 14, 1975, the respondent was found deportable as charged, but he was granted the privilege of voluntary departure until October 14, 1975. No appeal followed from that decision, but the respondent did move to reopen the proceedings in order to apply for permanent resident status. On March 10, 1976, the immigration judge granted the motion to reopen and on September 24, 1976, he granted the respondent's application for adjustment of status. The only issue before us on appeal is the respondent's

470

eligibility for adjustment of status under section 245 of the Immigration and Nationality Act.

The Service argues that the respondent is ineligible for section 245 relief because he was convicted on March 25, 1975, of a violation of 8 U.S.C. 1306(c) (filing an application for an alien registration with the Service containing statements known by him to be false) and, therefore, he would immediately become deportable under section 241(a)(5) of the Act if granted permanent resident status. The immigration judge, however, found the respondent eligible for adjustment of status because in accordance with *Matter of R—G—*, 8 I. & N. Dec. 128 (BIA 1958), an alien would not be deportable under section 241(a)(5) following his lawful admission for permanent resident.

We have recently reaffirmed *Matter of R—G—*, *supra*, in *Matter of Sanchez*, Interim Decision 2617 (BIA 1977). In *Matter of Sanchez*, *supra*, we held that an alien previously deported under any section of the Act is not forever barred from entering the United States, if the proper waivers are obtained, simply because of the conduct which would have rendered him deportable under section 241(a)(5) prior to his deportation. Although the respondent in the case before us was never previously deported, his situation even more closely resembles that in *Matter of R—G—*, *supra*. *Matter of R—G—* was an exclusion proceeding, wherein the applicant was ordered admitted despite an earlier conviction for violation of one of the statutes listed in section 241(a)(5) as giving rise to a ground of deportability. In the respondent's case before us, the acts giving rise to the conviction for deportable offense under section 241(a)(5) were committed before he either applied for permanent resident status or was found deportable on other grounds.

In view of the fact that an alien applying for adjustment of status is assimilated to an alien applying for adjustment of status for adjustment of status is assimiliated to an alien seeking admission into the United States, at least insofar as he must not "otherwise be excludable," we see no reason for applying a different rule from that described in *Matter of R—G—*, *supra*, and reaffirmed in *Matter of Sanchez*, *supra*.

The respondent married a United States citizen on April 10, 1975, and her visa petition in his behalf was approved on July 7, 1975. Based upon his conclusion that the marriage was bona fide, and that the respondent was a person of good moral character, the immigration judge granted him permanent resident status in the exercise of discretion. Inasmuch as the immigration judge is given primary responsibility for judging the credibility of witnesses,[1] we will not over turn his determination. Accordingly, the appeal will be dismissed.

ORDER: The appeal is dismissed.

[1] See *Matter of Teng*, Interim Decision 2452 (BIA 1975); *Matter of T—*, 7 I. & N. Dec. 417 (BIA 1957).

**Mary P. Maguire, Board Member, Concurring in Part and Dissenting in Part**

While I agree with the majority insofar as they have concluded that the respondent is statutorily eligible for adjustment of status pursuant to section 245 of the Act under the rationale of *Matter of Sanchez,* Interim Decision 2617 (BIA 1977), I would sustain the Service appeal with respect to the immigration judge's favorable exercise of discretion in granting section 245 relief.

The respondent entered the United States on January 2, 1970, as a nonimmigrant student, authorized to remain until June 8, 1973. On March 26, 1974, after his authorized stay had expired, he married a United States citizen who filed a visa petition on May 24, 1974, to classify him as an immediate relative. On that same date the respondent filed an application to adjust his status to that of a lawful permanent resident. On August 12, 1974, the respondent and his alleged spouse were interviewed under oath by an immigration officer in conection with both the visa petition filed on behalf of the respondent and the application for adjustment of status filed by the respondent. During that interview the respondent testified that he resided with his alleged spouse at the address shown on the visa petition (Ex. 2).

Subsequent investigation by the Service determined that the respondent had never resided with his alleged citizen spouse at any address and that he had, in fact, paid her five hundred dollars ($500) to marry him so that he could adjust his status to that of a lawfully admitted permanent resident alien on the basis of his relationship to a United States citizen. As a result of the false statements made in conjunction with the application for adjustment of status, the respondent was convicted, upon his plea of guilty, on March 25, 1975, in the United States District Court for the Northern District of California of violating 8 U.S.C. 1306(c), was placed on probation for a period of six (6) months and fined one hundred dollars ($100). The visa petition and the application for adjustmennt of status were subsequently withdrawn.

Deportation proceedings were instituted against the respondent on March 7, 1975, by the issuance of an Order to Show Cause. In a decision dated April 14, 1975, the immigration judge found the respondent deportable as charged, which the respondent conceded, and granted him the privilege of voluntary departure on or before October 14, 1975. The immigration judge granted the discretionary relief of voluntary departure on the basis of the respondent's marriage to another United States citizen on April 10, 1975. The respondent had secured a Nevada divorce from his first wife on April 7, 1975. No appeal was taken from the immigration judge's order.

On July 7, 1975, the Service approved a visa petition filed on respondent's behalf by his present wife and on July 14, 1976, the respondent submitted an application for adjustment of status. In an order dated

March 10, 1976, the immigration judge reopened the deportation proceedings to permit the respondent to pursue his application for adjustment of status. After further hearings on August 18, 1976, and on September 24, 1976, the immigration judge entered an order on the latter date granting the respondent's application for adjustment of status. The Service appealed from the decision of the immigration judge and contended that : (1) the respondent is not eligible for an immigrant visa within the meaning of section 245 because he would be deportable upon admission under section 241(a)(5), 8 U.S.C. 1251(a)(5): and (2) the immigration judge erred in granting discretionary relief under section 245. I concur with the majority insofar as they have concluded that the respondent is eligible for an immigrant visa under the rationale of *Matter of Sanchez, supra.*

However, I would sustain the Service appeal from the immigration judge's favorable exercise of discretion with respect to the respondent's application for adjustment of status. The respondent was admitted to the United States as a student on January 2, 1970, and his authorized stay expired on June 8, 1973. He concededly entered into a "sham" marriage with a United States citizen in order to obtain an immigration benefit. He made false statements to a Service officer with respect to the bona fides of his marriage in an interview of his application for adjustment of status. After his conviction and after the institution of deportation proceedings against him, the respondent secured a divorce and married another United States citizen.

As pointed out by the Attorney General in *Matter of Blas*, Interim Decision 2485 (BIA 1974; A.G. 1976), adjustment of status is not necessarily available on a simple showing of eligibility. The extraordinary discretionary relief provided in section 245 of the Act can only be granted in meritorious cases, and the burden is always upon the alien to establish that his application for that relief merits favorable consideration. *Diric v. INS,* 400 F.2d 658 (9 Cir. 1968), cert. denied, 394 U.S. 1015 (1969); *Santos v. INS,* 375 F.2d 262 (9 Cir. 1967); *Matter of Ortiz-Prieto,* 11 I. & N. Dec. 317 (BIA 1965).

A showing of eligibility for adjustment of status which carries with it its own strong equities, such as immediate relative status, can have a positive influence on the exercise of discretion and, in the absence of adverse circumstances, should prevail. *Matter of Blas, supra; Matter of Arai,* 13 I. & N. Dec. 494 (BIA 1970).

Thus, although an application for adjustment of status based on immediate relative status is initially appealing, there may be other factors present which undercut the quality of the case presented. In *Matter of Blas, supra,* the Attorney General found that, despite the fact of the respondent's apparently bona fide marriage to a United States citizen, the fact that he had made misleading responses in seeking his

initial visitor's visa warranted denial of the respondent's section 245 application.

Likewise, this Board and the courts have held that an alien who is admitted to the United States as a nonimmigrant but who is found to have had, at the time of entry, a preconceived intent to remain in the United States permanently, does not merit the favorable exercise of discretion, despite familial relationships with United States citizens or lawful permanent residents. See *Soo Yuen* v. *INS*, 456 F.2d 1107 (9 Cir. 1972); *Lee* v. *INS*, 446 F.2d 881 (9 Cir. 1971); *Ameeriar* v. *INS*, 438 F.2d 1028 (3 Cir.), cert. denied, 404 U.S. 801 (1971); *Chen* v. *Foley*, 385 F.2d 929 (6 Cir. 1967), cert. denied, 393 U.S. 838 (1968); *Matter of Fuentes-Blanco*, 13 I. & N. Dec. 128 (BIA 1968).

In my opinion, the respondent has not established that he merits the extraordinary relief of adjustment of status. He had admitted entering into a sham marriage to circumvent the immigration laws of the United States. He was convicted of violating the immigration laws. His present marriage was entered into at a time when he was already the subject of deportation proceedings. I do not think that his present marriage to a United States citizen is sufficient equity to outweigh the very serious adverse factors in this case. I would, therefore, reverse the decision of the immigration judge and deny the respondent's application for adjustment of status.