# MATTER OF RAINFORD

## In Deportation Proceedings

### A-41651633

*Decided by Board September 9, 1992*

A respondent who is convicted of criminal possession of a weapon is deportable under section 241(a)(2)(C) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(C) (Supp. II 1990); however, such a conviction does not preclude a finding of admissibility in connection with an application for adjustment of status under section 245(a) of the Act, 8 U.S.C. § 1255(a) (1988), and it may not serve as a ground of deportability if the respondent's status is adjusted to that of a lawful permanent resident. *Matter of Rafipour*, 16 I&N Dec. 470 (BIA 1978), followed. *Matter of V-*, 1 I&N Dec. 293 (BIA 1942), distinguished.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2)(C) [8 U.S.C. § 1251(a)(2)(C)]—Convicted of firearms violation

ON BEHALF OF RESPONDENT:
Rev. Robert Vitaglione
Accredited Representative
Comite Nuestra Senora de Loreto
sobre Asuntos de Inmigracion
856 Pacific Street
Brooklyn, New York 11238-3142

ON BEHALF OF SERVICE:
Bernard Mendelow
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated June 17, 1992, the immigration judge found the respondent deportable as charged, pretermitted his application for adjustment of status, and ordered him deported to Jamaica. The respondent has appealed from that decision. The appeal will be sustained and the record will be remanded. The request for oral argument is denied. 8 C.F.R. § 3.1(e) (1992).

The respondent is a single, 23-year-old native and citizen of Jamaica. On March 27, 1988, he was admitted to the United States as a lawful permanent resident. On April 30, 1991, he was convicted in the Supreme Court of the State of New York, County of Kings, of criminal possession of a weapon in the third degree. For this offense,

he was sentenced to a term of imprisonment of 1 year. On the basis of this 1991 conviction, the Immigration and Naturalization Service issued an Order to Show Cause and Notice of Hearing (Form I-221), charging the respondent with deportability as an alien convicted of a firearms offense under section 241(a)(2)(C) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(C) (Supp. II 1990). The respondent, through counsel, conceded deportability. We find that deportability as charged was established by clear, unequivocal, and convincing evidence. *See Woodby v. INS,* 385 U.S. 276 (1966); 8 C.F.R. § 242.14(a) (1992).

The record file contains the respondent's Application for Permanent Residence (Form I-485) and an unadjudicated Petition for Alien Relative (Form I-130) filed on his behalf by his United States citizen father. The Form I-485 is supported by a copy of the respondent's father's Certificate of Naturalization.

The immigration judge moved to the relief phase of the deportation hearing and determined that there was no relief available to the respondent. He stated that based on *Matter of V-,* 1 I&N Dec. 293 (BIA 1942), and subsequent cases, an alien who is not subject to a statutory ground of exclusion, but who would immediately become subject to deportation upon entry, must be found inadmissible. He concluded that the respondent was therefore ineligible for adjustment of status under section 245(a) of the Act, 8 U.S.C. § 1255(a) (1988).

On appeal, the respondent contends that the "futility doctrine" no longer exists because *Matter of V-, supra,* was replaced by the Immigration and Nationality Act of 1952, which removed an "implied" ground of excludability. In its brief the Service merely concurs with the immigration judge's decision, without citing or discussing any cases.

We find merit to the respondent's appeal. The respondent sought to apply for adjustment of status. The burden of proving eligibility for the privilege of adjustment of status is upon the alien. *See Lennon v. INS,* 527 F.2d 187 (2d Cir. 1975), *rev'g Matter of Lennon,* 15 I&N Dec. 9 (BIA 1974). Section 245(a) of the Act requires that an alien meet three conditions: 1) he must make an application for adjustment of status; 2) he must be eligible to receive a visa and be admissible for permanent residence; and 3) an immigrant visa must be immediately available at the time of application. Here, the respondent has made an adjustment of status application. If the visa petition filed on his behalf is approved, an immigrant visa would immediately be available to him, since first-preference visa numbers are now current. *See* Department of State Visa Bulletin, Vol. VII, No. 14 (Sept. 1992). Under 8 C.F.R. § 245.2(a)(2)(i) (1992), the adjustment application should be retained for processing under these circumstances.

The remaining issue before us is whether the respondent meets the second condition that he be admissible to the United States. We find that the respondent can meet this second condition. The immigration judge reasoned that the respondent, by virtue of his firearms conviction, cannot prove the requirement of admissibility in section 245(a) of the Act. Specifically, the immigration judge stated that the respondent is excludable notwithstanding the absence of a specific exclusion ground in the Act. The immigration judge found support for his decision in *Matter of V-, supra,* in which we held that an alien could be excluded on the basis of conduct which would be a ground of deportability, but not a ground of excludability. The immigration judge noted that our reasoning for creating such an administrative practice was that it would be futile to admit someone only to have him immediately become subject to deportation from the United States. *Id.* at 295.

The immigration judge also discussed in his decision *Matter of R-G-,* 8 I&N Dec. 128 (BIA 1958), and *Matter of Sanchez,* 16 I&N Dec. 363 (BIA 1977). In *Matter of R-G-* the Board held that notwithstanding the lack of a specific statutory ground of exclusion, an alien who upon entry would immediately become subject to deportation should be found excludable. In both cases the Board held that an alien deportable under former section 241(a)(5) of the Act, 8 U.S.C. § 1251(a)(5) (1988), would not again become deportable when he had been lawfully admitted for permanent residence.[1] The immigration judge found these cases distinguishable because the present respondent would still be deportable based on his firearms conviction.

In essence, the immigration judge's reasoning is that because the language in section 241(a)(2)(C), "at any time after entry," does not couple deportability with any particular entry into the United States, it makes an alien such as the respondent immediately deportable for the earlier firearms conviction. There are no waivers in the Act for this deportation ground.

We reject this position and determine that the rule in *Matter of V-, supra,* is inapposite in the adjustment of status context. It has been the consistent practice of this Board to interpret the requirement of admissibility in section 245(a) with reference only to the exclusion grounds in the Act. *See, e.g., Matter of Zangwill,* 18 I&N Dec. 22, 28 (BIA 1981), *overruled on other grounds, Matter of Ozkok,* 19 I&N Dec. 546 (BIA 1988); *Matter of Parodi,* 17 I&N Dec. 608, 611 (BIA 1980);

---

[1] The grounds of deportability under section 241(a) of the Act have been revised and redesignated by section 602(a) of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5077-81 (enacted Nov. 29, 1990), with former section 241(a)(5) now being found at section 241(a)(3)(B).

*Matter of Wolf,* 16 I&N Dec. 125, 126 (BIA 1977); *Matter of Smith,* 11 I&N Dec. 325, 326-27 (BIA 1965). Were we now to apply the rule in *Matter of V-,* we would be imposing upon an applicant an additional burden, not appearing in the statute, that he prove not only that he is admissible, but also that he would not become immediately deportable once admitted for lawful permanent residence.

Further, the rule in *Matter of V-* requires an "entry." An adjustment of status, however, does not constitute an entry. As we have repeatedly held, an adjustment of status is merely a procedural mechanism by which an alien is assimilated to the position of one seeking to enter the United States. *See Matter of Connelly,* 19 I&N Dec. 156, 159 (BIA 1984); *Matter of Smith, supra; see also* section 101(a)(13) of the Act, 8 U.S.C. § 1101(a)(13) (1988); *Matter of Patel,* 20 I&N Dec. 368 (BIA 1991) (noting that we have fashioned a more precise definition of what an "entry" is through precedent decisions).

We believe that Congress' intent is clearly expressed by the plain language used in section 245(a) of the Act.[2] *See Ardestani v. INS,* 502 U.S. 129, 135-36 (1991); *INS v. Cardoza-Fonseca,* 480 U.S. 421, 431 (1987); *INS v. Phinpathya,* 464 U.S. 183, 189 (1984) (stating that in all cases involving statutory construction, the starting point must be the language employed by Congress, and the legislative purpose is expressed by the ordinary meaning of the words used).

Our decision in *Matter of Rafipour,* 16 I&N Dec. 470 (BIA 1978), an adjustment of status case, is noteworthy because in that decision, we also declined to apply the rule in *Matter of V-,* holding instead that the alien would not become deportable again by reason of a prior act, once admitted for lawful permanent residence.

The alien in *Matter of Rafipour* was found deportable under section 241(a)(2) of the Act for remaining in the United States longer than permitted. In lieu of deportation, he was granted the privilege of voluntary departure. No appeal followed. However, the alien later filed a motion to reopen in order to apply for adjustment of status. The immigration judge granted the motion and the Service appealed. It claimed that the alien was ineligible for adjustment of status because, following his admission for lawful permanent residence, he would become immediately deportable under section 241(a)(5) on the basis of a 1975 conviction for giving false statements on an application for alien registration. *See Matter of V-, supra.* We disagreed. Noting that

---

[2]In *Matter of Hernandez-Casillas,* 20 I&N Dec. 262, 289, (BIA 1990; A.G. 1991), *aff'd,* 983 F.2d 231 (5th Cir. 1993), the Attorney General stated: "Absent some supervening affirmative justification based upon a requirement of the Constitution or other applicable law, neither the Board nor I may depart–or, in this instance, extend an earlier departure–from the terms of the statute we are bound to enforce"

the situation of this alien closely resembled that in *Matter of R-G-*, *supra*, we followed the view that the alien would no longer be deportable pursuant to section 241(a)(5) of the Act for his earlier conviction, once he was admitted as a lawful permanent resident.

We find no meaningful basis to distinguish the circumstances of the instant case from those addressed and resolved in *Matter of Rafipour*. Although *Matter of Rafipour* and the cases which preceded it involved section 241(a)(5) of the Act, we have never stated that the reasoning used there was limited to cases addressing section 241(a)(5) solely. The issue of whether an alien would remain deportable on the basis of prior conduct following his admission for lawful permanent residence apparently arose consistently in the section 241(a)(5) context, but sheerly by happenstance. *See Matter of Sanchez, supra*, at 365 n.2. In the instant case, as in *Matter of Rafipour*, the respondent faces a charge of deportability for which there is no corresponding ground of exclusion in the Act. There is no indication in the Act or its legislative history that Congress ever intended to bar this class of aliens, like those in the section 241(a)(5) context, from becoming lawful permanent residents. We therefore find no reason for not extending the reasoning of *Matter of Rafipour* to this ground of deportability.

Accordingly, we hold that the conviction which renders the respondent deportable under section 241(a)(2)(C) of the Act will not preclude a showing of admissibility for purposes of section 245(a) and that if granted adjustment of status to lawful permanent resident, the respondent will no longer be deportable on the basis of this prior conviction. .

Having found that the respondent is admissible to the United States and therefore eligible to apply for adjustment of status, we will remand the case to the immigration judge to allow the respondent to present his application for that relief. We note that to be granted adjustment of status, the visa petition on his behalf will have to be approved by the Service. The respondent will also have to show the immigration judge that he merits adjustment of status in the exercise of discretion. Finally, visa numbers for first-preference classification will still need to be current.

**ORDER:** The appeal is sustained and the record is remanded to the immigration judge for further proceedings in accordance with the foregoing opinion and for entry of a new decision.