**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Sergio Alejandro BOJORQUEZ–MAR-TINEZ, aka Humberto Bojorquez,**
**Defendant—Appellant.**

No. 03–50363.
D.C. No. CR–00–00793–JSL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 8, 2004.

Decided Oct. 26, 2004.

Before PREGERSON, TASHIMA, and PAEZ, Circuit Judges.

## MEMORANDUM *

Sergio Alejandro Bojorquez–Martinez appeals his conviction under 8 U.S.C. § 1326 for being an illegal alien found in the United States following deportation. Bojorquez–Martinez challenged the constitutional validity of the underlying deportation order in a motion to dismiss the indictment pursuant to 8 U.S.C. § 1326(d). He argued that the Immigration Judge's ("IJ") failure to inform him of available relief from deportation rendered his deportation order invalid and therefore it could not serve as a predicate element of the illegal reentry offense under § 1326.

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We vacate the district court's order denying the motion to dismiss and remand. We review *de novo* the denial of a motion to dismiss an 8 U.S.C. § 1326 indictment, "when the motion to dismiss is based upon an alleged due process defect in the underlying deportation proceeding." *United States v. Leon–Paz*, 340 F.3d 1003, 1004 (9th Cir. 2003).

### I.

In order to collaterally attack the deportation order underlying the indictment, Bojorquez–Martinez must show that (1) he "exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d).

Here, Bojorquez–Martinez waived his right to appeal the deportation order. A waiver of the right to appeal, however, is not " 'considered and intelligent' when 'the record contains an inference that the petitioner is eligible for relief from deportation,' but the Immigration Judge fails to 'advise the alien of this possibility and give him the opportunity to develop the issue.' " *United States v. Muro–Inclan*, 249 F.3d 1180, 1182 (9th Cir.2001) (quoting *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir.2000)). As explained below, because the IJ did not inform Bojorquez–Martinez of the availability of relief from deportation, the exhaustion requirement does not bar Bojorquez–Martinez's challenge to the validity of his prior deportation order. Similarly, because his waiver of the right to appeal was not "considered and intelligent," Bojorquez–Martinez was deprived of his right to judicial review. *See United States v. Pallares–Galan*, 359 F.3d 1088, 1096 (9th Cir.2004).

### II.

The entry of a deportation order is fundamentally unfair under 8 U.S.C. § 1326(d)(3) if "(1) an alien's 'due process rights were violated by defects in the underlying deportation proceeding,' and (2) 'he suffered prejudice as a result of the defects.' " *Pallares–Galan*, 359 F.3d at 1095 (quoting *United States. v. Garcia–Martinez*, 228 F.3d 956, 960 (9th Cir. 2000)).

■ Bojorquez–Martinez's deportation hearing was defective because the IJ failed to inform him that he could apply to adjust his status under 8 U.S.C. § 1255 (1995). "The requirement that the IJ inform an alien of his or her ability to apply for relief from removal is 'mandatory,' and '[f]ailure to so inform the alien [of his or her eligibility for relief from removal] is a denial of due process that invalidates the underlying deportation proceeding.' " *United States*

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*v. Ubaldo–Figueroa,* 364 F.3d 1042, 1050 (9th Cir.2004) (quoting *Muro–Inclan,* 249 F.3d at 1183). Here, the record raised an inference that Bojorquez–Martinez was eligible to adjust his status, which would have allowed him to avoid deportation. *See Bui v. INS,* 76 F.3d 268, 270–71 (9th Cir.1996); *Matter of Rainford,* 20 I. & N. Dec. 598, 1992 WL 323809 (B.I.A.1992). Accordingly, the IJ's failure to inform Bojorquez–Martinez of his eligibility for relief from deportation rendered the proceeding defective under 8 U.S.C. § 1326(d).

### III.

█ To sustain his collateral attack Bojorquez–Martinez must also show that he suffered prejudice as a result of the defect. *See Pallares–Galan,* 359 F.3d at 1095. "In order to establish prejudice, [the defendant] does not have to show that he actually would have been granted relief. Instead, he must only show that he had a 'plausible' ground for relief from deportation." *Arrieta,* 224 F.3d at 1079. The district court should address prejudice in the first instance, however. *United States v. Leon–Paz,* 340 F.3d 1003, 1007 (9th Cir.2003). Because the district court did not reach the issue of prejudice, we remand to the district court to consider whether Bojorquez–Martinez suffered prejudice as a result of the IJ's failure to inform him of his eligibility for adjustment of status.[1]

We therefore vacate Bojorquez–Martinez's conviction and sentence, and remand the case to the district court. If the district court determines that Bojorquez–Martinez was not prejudiced by the defective deportation proceeding, the district court may reinstate the conviction and sentence. If the court determines that Bojorquez–Martinez suffered prejudice, the district court must dismiss the indictment.

VACATED AND REMANDED.

---

1. In light of the our disposition, the government's motion to supplement the record and request for judicial notice of the Department of State Visa Bulletin is denied as moot.

