Jesus GARCIA–GARCIA, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 03–74346.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 15, 2008.

Filed April 30, 2008.

James Todd Bennett, Esq., El Cerrito, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Anthony P. Nicastro, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERGUSON, TROTT, and THOMAS, Circuit Judges.

* This disposition is not appropriate for publication and is not precedent except as provided

MEMORANDUM *

Jesus Garcia–Garcia petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming his order of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1252, and deny in part, and remand in part.

## I.

We first conclude that, contrary to Garcia–Garcia's contention, his adjustment to lawful permanent resident status under the special agricultural worker ("SAW") provision codified at 8 U.S.C. § 1160(a)(2) did not preclude the Immigration and Naturalization Service from instituting deportation proceedings against him on the basis of his pre-adjustment firearms conviction. *See Perez–Enriquez v. Gonzales,* 463 F.3d 1007, 1010–11 (9th Cir.2006) (en banc).

## II.

Garcia–Garcia further contends that, because permanent residents who adjust under the general adjustment provisions codified at 8 U.S.C. § 1255 may not be found removable on the basis of their pre-adjustment firearms offenses, *see Matter of Rainford,* 20 I. & N. Dec. 598, 602 (BIA 1992), allowing permanent residents who adjust under SAW to be found deportable on the basis of the same offenses violates Garcia–Garcia's Equal Protection rights.

Garcia–Garcia overlooks the qualitative differences between § 1255 adjustment and adjustment under the SAW provisions. In *Matter of Jimenez–Lopez,* 20 I. & N. Dec. 738, 741–42 (BIA 1993) the BIA noted that, unlike § 1255 permanent residents, SAW permanent residents adjust status automatically "on the basis of a fixed schedule, without regard for the

by 9th Cir. R. 36–3.

alien's admissibility at that time." The differences between the two forms of adjustment constitute a rational basis for distinguishing between the permanent residents who adjust under SAW and permanent residents who adjust under § 1255. Accordingly, we conclude that Garcia–Garcia did not suffer an Equal Protection violation as a result of this disparate treatment and affirm the BIA's holding that Garcia–Garcia's pre-adjustment firearms conviction rendered him deportable under 8 U.S.C. § 1227(a)(2)(C).

### III.

We have jurisdiction to review Garcia–Garcia's contention that the BIA erred by failing to consider his eligibility for repapering. *See Kaganovich v. Gonzales,* 470 F.3d 894, 897 (9th Cir.2006) (raising claim in notice of appeal sufficient despite failing to elaborate on argument in brief to BIA).

Because he was "potentially eligible for repapering at the time the BIA considered the [Immigration Judge]'s decision" we remand the case to the BIA to consider in the first instance whether or not Garcia–Garcia is indeed eligible for repapering relief. *See Alcaraz v. INS,* 384 F.3d 1150, 1162 (9th Cir.2004) (remanding where the BIA failed to consider a deportable immigrant's eligibility for repapering); *see also INS v. Orlando Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

Accordingly, Garcia–Garcia's petition is **DENIED** in part and **REMANDED** in part with instructions to the BIA to exercise its discretion regarding whether to administratively close the case for repapering.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.