**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

JUAN PABLO HUERTA,

               Petitioner,

  v.

ERIC H. HOLDER, Jr., Attorney General,

               Respondent.

</td><td>

No. 09-70079

Agency No. A090-494-986

MEMORANDUM[*]

</td></tr>
</table>

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 8, 2012
Pasadena, California

Before: WARDLAW, PAEZ, and RAWLINSON, Circuit Judges.


    Juan Pablo Huerta, a native and citizen of Mexico and formerly a legal

permanent resident of the United States, petitions for review of the Board of

Immigration Appeals' (BIA or Board) denial of his motion to reopen on the basis

of ineffective assistance of counsel.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Reviewing the BIA's decision on Huerta's ineffective assistance claim de novo, we conclude that Huerta has demonstrated both that his former counsel, Gary Finn, failed to perform with sufficient competence and that he was prejudiced by counsel's performance. *See Ahmed v. Mukasey*, 548 F.3d 768, 771 (9th Cir. 2008); *Mohammed v. Gonzales*, 400 F.3d 785, 791-93 (9th Cir. 2005).[1]

Competence:  Huerta had two potential grounds for relief from removal: adjustment of status and cancellation of removal.  Finn attempted to preserve Huerta's eligibility for the latter, but not for the former.  This was deficient performance, especially given that adjustment of status can lead eventually to naturalization as a United States citizen, a potential avenue for permanent relief that should not be abandoned lightly.

To preserve Huerta's eligibility for adjustment of status, a reasonably competent attorney would have appealed the immigration judge's (IJ) finding that Huerta was inadmissible and moved to reopen the case following Huerta's marriage to a United States citizen.  Here, Finn did neither.  First, Finn did not

---

[1]  The dissent correctly notes that we review for abuse of discretion a decision by the Board denying a motion to reopen.  However, here we reach only the purely legal issue of Huerta's claim of ineffective assistance of counsel, and review de novo the BIA's determination of that issue.  We do not reach the issue of whether the BIA should have granted the motion to reopen because we remand for the Board to reconsider equitable tolling in light of our conclusion that Huerta received ineffective assistance of counsel.

appeal the IJ's determination that a conviction under Cal. Penal Code § 12034(b) was a crime involving moral turpitude (CIMT).[2] That determination rendered Huerta inadmissible, and therefore ineligible for adjustment of status. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(I). Because there was no clear precedent at the time that a § 12034(b) conviction was or was not a CIMT, a reasonably competent attorney would have raised and argued the issue.

Second, Finn failed to move to reopen Huerta's removal proceedings within the statutory 90-day window following the IJ's decision. *See* 8 C.F.R. § 1003.2(c)(2). This too was deficient performance, because Huerta's marriage to his United States citizen wife one month after the IJ's decision rendered him eligible

---

[2]   This section of the California Penal Code was repealed in 2010 and continued without substantive change in Section 26100 of the Code. *See* Cal. Penal Code §§ 12034, 26100. Effective January 1, 2012, the statute under which Huerta was convicted in 1997 can now be found at § 26100(b). We refer to Huerta's statute of conviction as "§ 12034(b)" for consistency with the parties' briefs and arguments in this case.

for adjustment of status, pending appeal of the CIMT issue.[3]  Moreover, Finn's brief to the BIA reflects that, at the time of the appeal, he believed that Huerta was already married to a United States citizen.  By "fail[ing] to ensure that his client remained eligible for adjustment of status" and "prevent[ing] [Huerta] from reopening his case to apply for adjustment of status," Finn's representation of Huerta was incompetent.  *See Singh v. Holder*, 658 F.3d 879, 885-86 (9th Cir. 2011).

Prejudice: A presumption of prejudice applies to Finn's failure even to attempt to preserve Huerta's eligibility for adjustment of status, including his failure to appeal the CIMT issue.  *Id.* at 887; *Ray v. Gonzales*, 439 F.3d 582, 588-89 (9th Cir. 2006).  In addition, Huerta has plausible grounds for relief on his underlying adjustment of status petition, including his CIMT claim, such that his "claims merit full consideration by the BIA."  *Mohammed*, 400 F.3d at 794.

---

[3]  The dissent notes that there is a presumption against the bona fides of a marriage entered into while removal proceedings are pending.  Although such a presumption does exist, it is rebuttable.  *Malilia v. Holder*, 632 F.3d 598, 605 (9th Cir. 2011).  And Huerta had a strong argument that his marriage was bona fide: he and his then-girlfriend had been dating for 12 years at the time of their marriage, since they were teenagers; his girlfriend had given birth to their child, which they were raising together; and Huerta's counsel had specifically told him that marriage to a United States citizen would not help his case.  Therefore, the presumption against a bona fide marriage does not change our conclusion that a reasonably competent attorney would have moved to reopen Huerta's case following his marriage.

Huerta's aggravated felony conviction is not a ground of inadmissibility. *See Matter of Rainford*, 20 I. & N. Dec. 598 (BIA 1992); *see also* 8 U.S.C. § 1182(a)(2). Huerta lived in the United States from the age of two to the age of thirty, when he was removed to Mexico. He has a United States citizen wife and daughter. Given the BIA's obligation to consider all positive and negative factors when weighing equities, including the effect on a United States citizen child of the removal of one of her parents, Huerta's claims certainly merit the BIA's full consideration. *See Arrozal v. I.N.S.*, 159 F.3d 429, 432-33 (9th Cir. 1998). Further, Huerta's appeal of the IJ's determination that his § 12034(b) conviction was a CIMT is also a plausible claim. *See Rodriguez-Herrera v. INS*, 52 F.3d 238, 239-40 (9th Cir. 1995); *Matter of E-*, 2 I. & N. Dec. 134, 140 (BIA 1944).

Because Huerta has shown both incompetence and prejudice, we conclude that Huerta received ineffective assistance of counsel from his former attorney, Gary Finn. We therefore grant Huerta's petition and remand to the BIA. On remand, the Board must decide whether Huerta merits equitable tolling of his motion to reopen under the standard explained by our recent opinion in *Singh*. *See* 658 F.3d at 884. We note that the BIA previously found that Huerta substantially complied with the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), but the Board did not address due diligence. In the event that the BIA

determines that Huerta is entitled to equitable tolling, the Board or the IJ must then decide whether a conviction under Cal. Penal Code § 12034(b) is a CIMT and, if not, whether to grant Huerta adjustment of status.

**Petition GRANTED and REMANDED.**

***Huerta v. Holder*, Case No. 09-70079**
**Rawlinson, Circuit Judge, dissenting:**

I respectfully dissent. We review for abuse of discretion a decision of the Board of Immigration Appeals denying a motion to reopen. *See Singh v. Holder*, 658 F.3d 879, 885 (9th Cir. 2011). The BIA abuses its discretion only if it renders a decision that is "arbitrary, irrational or contrary to law. . . ." *Id*. (citation omitted).

When a motion to reopen is premised on a claim of ineffective assistance of counsel, the claim has merit only to the extent that a due process violation occurred, namely that "the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case. . . ." *Mohammed v. Gonzales*, 400 F.3d 785, 793 (9th Cir. 2005) (citation omitted).

In 2005, when the BIA was considering Juan Huerta's removal, no case existed holding that a conviction under Cal. Penal Code § 12034(b) was not a crime involving moral turpitude. As a result, no violation of due process resulted from counsel's failure to appeal a ruling that was not contrary to any existing precedent.

Neither was counsel ineffective for electing not to move to reopen the case following Huerta's marriage to a United States citizen. Reopening was within the BIA's discretion, and Huerta would have to overcome the presumption against the

bona fides of a marriage entered into while removal proceedings are pending.  *See In re Arthur*, 20 I. & N. Dec. 475, 478-79 (B.I.A. 1992), *modified on other ground by In re Velarde-Pacheco*, 23 I & N Dec. 253 (B.I.A. 2002); *see also Malilia v. Holder*, 632 F.3d 598, 605 (9th Cir. 2011) (relying on *In re Arthur*).  Facing these two obstacles, counsel could conclude, without being constitutionally ineffective, that a motion to reopen should not be filed.  *See Smith v. Robbins*, 528 U.S. 259, 288 (2000) (citing *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986) for the proposition that "[g]enerally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome").

Because I do not agree that counsel was ineffective, I would hold that the BIA acted within its discretion when it denied Huerta's motion to reopen.  I would deny Huerta's petition.