MEMORANDUM *
Juan Pablo Huerta, a native and citizen of Mexico and formerly a legal permanent resident of the United States, petitions for *173 review of the Board of Immigration Appeals’ (BIA or Board) denial of his motion to reopen on the basis of ineffective assistance of counsel.
Reviewing the BIA’s decision on Huerta’s ineffective assistance claim de novo, we conclude that Huerta has demonstrated both that his former counsel, Gary Finn, failed to perform with sufficient competence and that he was prejudiced by counsel’s performance. See Ahmed v. Mukasey, 548 F.3d 768, 771 (9th Cir.2008); Mohammed v. Gonzales, 400 F.3d 785, 791-93 (9th Cir.2005).[1]
Competence: Huerta had two potential grounds for relief from removal: adjustment of status and cancellation of removal. Finn attempted to preserve Huerta’s eligibility for the latter, but not for the former. This was deficient performance, especially given that adjustment of status can lead eventually to naturalization as a United States citizen, a potential avenue for permanent relief that should not be abandoned lightly.
To preserve Huerta’s eligibility for adjustment of status, a reasonably competent attorney would have appealed the immigration judge’s (IJ) finding that Huerta was inadmissible and moved to reopen the case following Huerta’s marriage to a United States citizen. Here, Finn did neither. First, Finn did not appeal the IJ’s determination that a conviction under CaLPenal Code § 12034(b) was a crime involving moral turpitude (CIMT).[2] That determination rendered Huerta inadmissible, and therefore ineligible for adjustment of status. See 8 U.S.C. § 1182(a)(2)(A)(i)(I). Because there was no clear precedent at the time that a § 12034(b) conviction was or was not a CIMT, a reasonably competent attorney would have raised and argued the issue.
Second, Finn failed to move to reopen Huerta’s removal proceedings within the statutory 90-day window following the IJ’s decision. See 8 C.F.R. § 1003.2(c)(2). This too was deficient performance, because Huerta’s marriage to his United States citizen wife one month after the IJ’s decision rendered him eligible for adjustment of status, pending appeal of the CIMT issue.[3] Moreover, Finn’s brief to *174 the BIA reflects that, at the time of the appeal, he believed that Huerta was already married to a United States citizen. By “failing] to ensure that his client remained eligible for adjustment of status” and “preventing] [Huerta] from reopening his case to apply for adjustment of status,” Finn’s representation of Huerta was incompetent. See Singh v. Holder, 658 F.3d 879, 885-86 (9th Cir.2011).
Prejudice: A presumption of prejudice applies to Finn’s failure even to attempt to preserve Huerta’s eligibility for adjustment of status, including his failure to appeal the CIMT issue. Id. at 887; Ray v. Gonzales, 439 F.3d 582, 588-89 (9th Cir.2006). In addition, Huerta has plausible grounds for relief on his underlying adjustment of status petition, including his CIMT claim, such that his “claims merit full consideration by the BIA.” Mohammed, 400 F.3d at 794. Huerta’s aggravated felony conviction is not a ground of inadmissibility. See Matter of Rain-ford, 20 I. & N. Dec. 598 (BIA 1992); see also 8 U.S.C. § 1182(a)(2). Huerta lived in the United States from the age of two to the age of thirty, when he was removed to Mexico. He has a United States citizen wife and daughter. Given the BIA’s obligation to consider all positive and negative factors when weighing equities, including the effect on a United States citizen child of the removal of one of her parents, Huerta’s claims certainly merit the BIA’s full consideration. See Arrozal v. I.N.S., 159 F.3d 429, 432-33 (9th Cir.1998). Further, Huerta’s appeal of the IJ’s determination that his § 12034(b) conviction was a CIMT is also a plausible claim. See Rodriguez-Herrera v. INS, 52 F.3d 238, 239-40 (9th Cir.1995); Matter of E-, 2 I. & N. Dec. 134, 140 (BIA 1944).
Because Huerta has shown both incompetence and prejudice, we conclude that Huerta received ineffective assistance of counsel from his former attorney, Gary Finn. We therefore grant Huerta’s petition and remand to the BIA. On remand, the Board must decide whether Huerta merits equitable tolling of his motion to reopen under the standard explained by our recent opinion in Singh. See 658 F.3d at 884. We note that the BIA previously found that Huerta substantially complied with the requirements of Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988), but the Board did not address due diligence. In the event that the BIA determines that Huerta is entitled to equitable tolling, the Board or the IJ must then decide whether a conviction under CaLPenal Code § 12034(b) is a CIMT and, if not, whether to grant Huerta adjustment of status.
Petition GRANTED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The dissent correctly notes that we review for abuse of discretion a decision by the Board denying a motion to reopen. However, here we reach only the purely legal issue of Huerta’s claim of ineffective assistance of counsel, and review de novo the BIA’s determination of that issue. We do not reach the issue of whether the BIA should have granted the motion to reopen because we remand for the Board to reconsider equitable tolling in light of our conclusion that Huerta received ineffective assistance of counsel.

. This section of the California Penal Code was repealed in 2010 and continued without substantive change in Section 26100 of the Code. See Cal.Penal Code §§ 12034, 26100. Effective January 1, 2012, the statute under which Huerta was convicted in 1997 can now be found at § 26100(b). We refer to Huerta’s statute of conviction as "§ 12034(b)” for consistency with the parties’ briefs and arguments in this case.

.The dissent notes that there is a presumption against the bona fides of a marriage entered into while removal proceedings are pending. Although such a presumption does exist, it is rebuttable. Malilia v. Holder, 632 F.3d 598, 605 (9th Cir.2011). And Huerta had a strong argument that his marriage was bona fide: he and his then-girlfriend had been dating for 12 years at the time of their marriage, since they were teenagers; his girlfriend had given birth to their child, which they were raising together; and Huerta’s counsel had specifically told him that marriage to a United States citizen would not help his case. Therefore, the presumption against a bona fide marriage does not change our conclusion that a reasonably competent attorney would have moved to reopen Huerta’s case following his marriage.