# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

RAFAEL MALDONADO-GALINDO,

*Petitioner,*

v.

ALBERTO R. GONZALES, Attorney
General,

*Respondent.*

No. 05-72395

Agency No.
A17-246-042

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
April 5, 2006—San Francisco, California

Filed August 3, 2006

Before: Eugene E. Siler, Jr.,* Johnnie B. Rawlinson, and
Jay S. Bybee, Circuit Judges.

Opinion by Judge Bybee

---

*The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge
for the Sixth Circuit, sitting by designation.

## COUNSEL

Andrew M. Jacobs and Jamie Heisler Ibrahim, Snell & Wilmer, Tucson, Arizona, for the petitioner.

Peter D. Keisler, Assistant Attorney General, Linda S. Wendtland, Assistant Director, and Norah Ascoli Schwarz, Senior Litigation Counsel, Department of Justice, Washington, D.C., for the respondent.

## OPINION

BYBEE, Circuit Judge:

Petitioner Maldonado-Galindo ("Maldonado") appeals the Board of Immigration Appeals' ("BIA") denial of his petition for cancellation of removal. Maldonado asserts that § 240A of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009 -546 (codified at 8 U.S.C. § 1229b (2000)) has an impermiss-

ibly retroactive effect because it limits § 240A Cancellation of Removal relief to those who have not previously been granted relief under § 212(c) of the Immigration and Nationality Act ("INA") (codified at 8 U.S.C. § 1182(c) (repealed 1996)). We deny the petition, finding that Congress has unmistakably limited § 240A relief to those who have not received § 212(c) relief and that § 240A does not have a retroactive effect.

## I.    BACKGROUND

Maldonado is a citizen of Mexico and has been a lawful permanent resident of the United States from the age of one. In 1991, Maldonado was convicted of two unidentified crimes involving moral turpitude which rendered him deportable. INS subsequently commenced deportation proceedings, and Maldonado applied for suspension of deportation under former § 212(c) of the INA. As then constituted, § 212(c) vested the Attorney General with discretion to admit an otherwise deportable alien who had a "lawful unrelinquished domicile of seven consecutive years" in the United States, provided that the alien had not been convicted of an aggravated felony with a term of imprisonment of more than five years. 8 U.S.C. § 1182(c) (repealed 1996). Maldonado qualified for such relief, and was granted a waiver of inadmissibility in January 1996.

On September 30, 1996, Congress enacted IIRIRA which, inter alia, eliminated § 212(c) relief, and provided instead for cancellation of removal under § 240A. Under the new statutory scheme, § 240A(c)(6) cancellation of removal is unavailable to

> An alien whose removal has previously been cancelled under this section or whose deportation was suspended under section 1254(a) of this title or who has been granted relief under [§ 212(c)] of this title, as such sections were in effect before September 30, 1996.

8 U.S.C. § 1229b(c)(6).

Between December 15, 1999 and January 12, 2004, Maldonado was convicted three times of unlawful possession of narcotic paraphernalia and once of possession of a narcotic drug. On July 26, 2004, the United States Immigration & Customs Enforcement ("ICE") commenced removal proceedings against Maldonado, who then applied for cancellation of removal under § 240A. On December 14, 2004, an Immigration Judge found Maldonado ineligible for relief under § 240A because he had previously been granted relief under § 212(c). The BIA affirmed, and Maldonado filed the instant appeal.

## II.   STANDARD OF REVIEW

Legal determinations regarding an alien's eligibility for cancellation of removal are reviewed de novo. *Montero-Martinez v. Ashcroft*, 277 F.3d 1137, 1145 (9th Cir. 2002).

## III.   DISCUSSION

Maldonado argues that § 240A is impermissibly retroactive. First, he asserts that the language of § 240A(c)(6) is susceptible to two interpretations and does not express with sufficient clarity the temporal scope of section 240A(c)(6). He further asserts that § 240A's unavailability where the applicant had previously received § 212(c) relief attaches new legal consequences to the prior receipt of relief and, as such, is impermissibly retroactive. *Id.* Both assertions are without merit.

**[1]** In *Landgraf v. USI Film Products*, 511 U.S. 244, 265 (1994), the Supreme Court noted that the "presumption against retroactive legislation is deeply rooted in our jurisprudence." Under *Landgraf*, the

> determination of whether a regulation or statute is impermissibly retroactive requires a two-step analy-

sis. First, we must determine whether the statute or regulation clearly expresses that the law is to be applied retroactively. If it does, then the statute or regulation may be applied as such. However, if the statute or regulation does not contain an express command that it be applied retroactively, we must go to the second step which requires us to determine whether the statute or regulation would have a retroactive effect.

*Kankamalage v. INS*, 335 F.3d 858, 862 (9th Cir. 2003) (citation omitted). The second stage of inquiry "demands a commonsense, functional judgment about whether the new provision attaches new legal consequences to events completed before its enactment." *INS v. St. Cyr*, 533 U.S. 289, 321 (2001) (citation and internal quotations omitted).

## A.   *IIRIRA's § 240A Exclusion Language Is Clear*

Maldonado asserts that Congress did not use unmistakable language in limiting § 240A relief because the statute is susceptible of two interpretations: (1) that previous receipt of § 212(c) relief strictly bars future receipt of § 240A Cancellation of Removal; or (2) that the statute bars § 240A eligibility for those aliens granted relief under Section 212(c) *after* the enactment of IIRIRA.

**[2]** The statute is not ambiguous. Congress's language indicates as clearly as words can state that *any* receipt of § 212(c) relief will foreclose § 240A relief: cancellation of removal is unavailable to "[a]n alien whose removal has previously been cancelled under this section . . . or who has been granted relief under [§ 212(c)] of this title, as such sections were in effect before September 30, 1996." 8 U.S.C. § 1229b(c)(6). Further, there was no period of overlap between § 212(c)'s repeal and the initial availability of § 240A relief: both events transpired simultaneously when IIRIRA became effective in April of

1997. Thus, it does not appear that the language is susceptible to two interpretations.

**[3]** Maldonado also argues that the limitation language in § 240A(c)(6) is equivocal because Congress did not use the phrases "before, on, or after" or "regardless of when" in discussing § 240A's limitations, as it had in other areas of IIRIRA. Congress need not use a set phrase to indicate when a statute is to be given retroactive effect; rather, the statute need only evince Congress's "clear intent" that legislation apply in a retroactive manner. *St. Cyr*, 533 U.S. at 316 (2001) ("A statute may not be applied retroactively . . . absent a clear indication from Congress that it intended such a result."); *Landgraf*, 511 U.S. at 272-73 ("Requiring clear intent assures that Congress itself has affirmatively considered the potential unfairness of retroactive application and determined that it is an acceptable price to pay for the countervailing benefits."). While that standard is a demanding one,[1] it appears met in this instance, where Congress stated unequivocally that an alien may not have more than one bite at the cancellation of removal/waiver of inadmissibility apple. Further, the context of the § 212(c) restriction indicates that Congress intended all instances of § 212(c) relief to foreclose § 240A cancellation. *See* 8 U.S.C. § 1229b(c)(6) (proscribing cancellation for an alien "*whose removal has previously been cancelled* under this section . . . or who has been granted relief under [§ 212(c)] of this title" (emphasis added)). Thus, under the Court's rationale in *Landgraf* and *St. Cyr*, the judicial presumption against the retroactive application of legislation is inapposite because the arguably retroactive language is clear and unmistakable.

---

[1]*See St. Cyr*, 533 U.S. at 316-17 (" '[C]ases where this Court has found truly 'retroactive' effect adequately authorized by statute have involved statutory language that was so clear that it could sustain only one interpretation.' " (quoting *Lindh v. Murphy*, 521 U.S. 320, 328 n.4 (1997)).

B.   *Section 240A Does Not Have A Retroactive Effect*

**[4]** Assuming, arguendo, that Congress did not clearly indicate in § 240A that Cancellation of Removal is unavailable to an alien who has received § 212(c) relief *previous* to IIRIRA's enactment, § 240A does not have a retroactive effect. Where Congress does not evince a clear intent that legislation have retroactive application, such legislation is impermissibly retroactive if it "takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past." *Landgraf*, 511 U.S. at 269 (quotations omitted). In considering a statute's retroactive effect, "the court's analysis is to be guided by three familiar considerations that the Supreme Court has clearly enunciated: reasonable reliance, fair notice, and settled expectations." *Chang v. United States*, 327 F.3d 911, 920 (9th Cir. 2003) (citation and internal quotation omitted).

In support of his argument that § 240A has an impermissibly retroactive effect, Maldonado points the panel to the Supreme Court's decision in *St. Cyr*, 533 U.S. 289. St. Cyr, a citizen of Haiti, pled guilty to an aggravated felony charge (a deportable offense) in order to secure a lower prison sentence and thereby preserve his eligibility for § 212(c) relief.[2] *St. Cyr*, 533 U.S. at 293. With the passage of IIRIRA, § 212(c) was repealed and St. Cyr's aggravated felony conviction precluded his access to the newly minted § 240A relief. *See* 8 U.S.C. § 1229b(a)(3). The INS subsequently commenced removal proceedings against him, and St. Cyr applied for § 212(c) relief; the BIA denied the request on the basis that IIRIRA repealed § 212(c). *St. Cyr*, 533 U.S. at 293, 308.

After articulating the general presumption against giving statutes retroactive effect, the *St. Cyr* Court reviewed the lan-

---

[2]Under § 212(c)'s strictures then in effect, St. Cyr would qualify for § 212(c) relief if the prison sentence was less than five years.

guage of IIRIRA and concluded that Congress did not give sufficient indication that it intended the repeal of § 212(c) to apply retroactively. *Id.* at 315-20. The Court then proceeded to examine whether the repeal of § 212(c) operates retroactively. *Id.* at 320-21. In making that inquiry, the *St. Cyr* Court focused almost exclusively on reliance and expectation interest of those who, like St. Cyr, entered into plea bargains in order to specifically preserve the availability of § 212(c) relief should deportation proceedings be commenced against them. *Id.* at 321-23. Given that prosecutors had already benefitted from such agreements, the Court concluded that "it would surely be contrary to 'familiar considerations of fair notice, reasonable reliance, and settlement expectations' to hold that IIRIRA's subsequent restrictions deprived [qualifying aliens] of any possibility of [§ 212(c)] relief." *Id.* at 323-24 (quoting *Landgraf*, 511 U.S. at 270). The Court then concluded that because "respondent, and other aliens like him, almost certainly relied upon that likelihood in deciding whether to forgo their right to a trial, the elimination of any possibility of § 212(c) relief by IIRIRA has an obvious and severe retroactive effect," *id*. at 325, and held that "§ 212(c) relief remains available for aliens, like respondent, whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." *Id*. at 326.

**[5]** Maldonado does not assert that he remains entitled to § 212(c) relief after its repeal or that he is entitled to any other relief existing previous to IIRIRA's passage. Rather, Maldonado claims that his former receipt of § 212(c) relief should not bar him from receiving a wholly new form of relief, § 240A's Cancellation of Removal. Given that Maldonado could not have relied upon the future availability of § 240A when he applied for § 212(c) relief in January 1996, § 240A cannot have an impermissibly retroactive effect. Maldonado gave up nothing in return for his § 212(c) relief. Indeed, it is preposterous to think that he would have foregone § 212(c)

relief in January 1996 (resulting in him being found inadmissible) on the chance that Congress might at some future date offer § 240A relief for those who hadn't previously accepted § 212(c) relief. "[A]pplication of new statutes passed after the events in suit is unquestionably proper in many situations. When the intervening statute authorizes or affects the propriety of *prospective* relief, application of the new provision is not retroactive." *Landgraf*, 511 U.S. at 273 (emphasis added).

Finally, Maldonado argues that § 240A should be deemed retroactive because it upset settled expectations. Maldonado contends that many avenues of relief from deportation were available to aliens prior to 1996, and that, had Maldonado known that relief under § 212(c) would bar future eligibility for relief from deportation, he would have applied for an alternative form of relief. His argument is unavailing. Maldonado has not indicated what other relief was available, whether he qualified for such relief, and whether receipt of the alternative relief would also bar § 240A cancellation.

## IV.   CONCLUSION

In crafting § 240A, Congress evinced a clear intent that prior receipt of § 212(c) relief would foreclose access to § 240A relief. Such a statutory scheme is not impermissibly retroactive because Congress' intent is clear, the relief is prospective, and Maldonado did not rely upon the future availability of § 240A relief when he sought for and received § 212(c) relief. Accordingly, Maldonado's petition is DENIED.