**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOSE GARCIA-JIMENEZ,

               *Petitioner,*

      v.

ALBERTO R. GONZALES, Attorney
General,

               *Respondent.*

No. 03-74625

Agency No.
A93-143-043

ORDER
AMENDING
OPINION AND
AMENDED
OPINION AND
DISSENT

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 7, 2006*
Pasadena, California

Filed January 3, 2007
Amended May 30, 2007

Before: Harry Pregerson, Barry G. Silverman and
Richard C. Tallman, Circuit Judges.

Opinion by Judge Silverman;
Dissent by Judge Pregerson

---

*This panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

6387

**COUNSEL**

Noemi G. Ramirez, The Pacific Center, Los Angeles, California, for the petitioner.

Peter D. Keisler, Terri J. Scadron, and Leslie McKay, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for the respondent.

## ORDER

Judges Silverman and Tallman voted to deny the petition for rehearing en banc and Judge Pregerson voted to grant it. No judge has made an en banc call.

The opinion filed January 3, 2007, and appearing at 472 F.3d 679 (9th Cir. 2007), is hereby amended to include a dissent by Judge Pregerson. Pursuant to General Order 5.3.a, an amended opinion showing that Judge Pregerson no longer joins the majority opinion and now dissents is filed contemporaneously with this order. No subsequent petition for rehearing or petition for rehearing en banc may be filed as to the amended opinion.

## OPINION

SILVERMAN, Circuit Judge:

The government charged petitioner Jose Garcia-Jimenez with being removable on account of, first, two prior criminal convictions occurring in the mid-1990s, and, second, a recent attempt to smuggle undocumented aliens into the country. Garcia-Jimenez's criminal convictions occurred before Congress replaced the Immigration and Nationality Act's waiver of deportation provisions with the more stringent cancellation of removal provisions. Accordingly, he was entitled to apply for, and did receive, a waiver as to his convictions. The Immigration Judge, however, denied relief as to the alien smuggling charge. She applied 8 U.S.C. § 1229b(c)(6), which precludes cancellation of removal in cases where the alien has been granted a waiver of deportation. We hold today that § 1229b(c)(6) bars an alien from obtaining cancellation of removal if he has ever received a waiver of deportation, even if the waiver of deportation was granted in the same proceeding in which cancellation of removal is sought. The statute

prohibits an alien from receiving *both* waiver of deportation *and* cancellation of removal. Therefore, we deny Garcia-Jimenez's petition for review.

## I. BACKGROUND

Garcia-Jimenez is a native and citizen of Mexico. He obtained temporary resident status in November 1988, and his status was adjusted to that of legal permanent resident on December 1, 1990.

On June 8, 1995, Garcia-Jimenez pled guilty to corporal injury of a spouse in violation of California Penal Code § 273.5(a). On March 27, 1996, he pled guilty to possession of cocaine in violation of California Health & Safety Code § 11350(a). On May 27, 2000, Garcia-Jimenez came to the attention of the immigration authorities when he attempted to smuggle his sister-in-law and niece into the United States at the San Ysidro Port of Entry.

On June 15, 2000, the former Immigration and Naturalization Service ("INS") initiated removal proceedings against Garcia-Jimenez under 8 U.S.C. § 1182(a)(2)(A)(i)(I) & (II), charging him with removability on account of his committing a crime of moral turpitude (i.e., the domestic violence conviction) and a controlled substance violation. On February 19, 2002, the INS also charged Garcia-Jimenez with removability under § 1182(a)(6)(E)(i) arising out of the smuggling incident on May 27, 2000.

Garcia-Jimenez conceded removability. Because he pled guilty to both state charges before Congress enacted the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009-597, which abolished waiver of deportation under former § 212(c) of the Immigration and Nationality Act (codified at 8 U.S.C. § 1182(c) (repealed 1996)) and instituted cancellation of removal, he was entitled to seek § 212(c) relief as to those

charges. *See INS v. St. Cyr*, 533 U.S. 289, 326 (2001) (holding retroactive application of the Act's bar to former § 212(c) relief would have an impermissible retroactive effect on certain lawful permanent residents).[1] The alien smuggling incident, however, occurred after IIRIRA's enactment, so, to avoid removal based on that charge, Garcia-Jimenez had to seek cancellation of removal under 8 U.S.C. § 1229b(a).[2] The IJ denied cancellation of removal, and ordered Garcia-Jimenez removed to Mexico.

The Board of Immigration Appeals ("BIA") affirmed, reasoning that § 1229b(c)(6) "explicitly states that an alien is ineligible for cancellation of removal if he has been granted relief under section 212(c)," and thus "the Immigration Judge correctly found [Garcia-Jimenez] to be ineligible for cancellation of removal because he was granted relief under section 212(c) of the Act." Garcia-Jimenez filed this timely petition for review.

---

[1] The Board of Immigration Appeals construed § 212(c) to afford permanent resident aliens a discretionary waiver of deportation if they had lived in the country for seven consecutive years and had not been convicted of an aggravated felony.

[2] Cancellation of removal is available to an alien who has been a lawful permanent resident for at least five years, has resided continuously in the country for seven years, and has no conviction for an expanded universe of aggravated felonies. 8 U.S.C. § 1229b(a). The IJ determined that Garcia-Jimenez was not eligible for cancellation of removal as to his second conviction because his first conviction in 1995 for spousal abuse constituted a crime of moral turpitude, triggering IIRIRA's new "stop-time" provision and ending his run of "continuous physical presence" in the United States. *See* § 1229b(d)(1) ("any period of continuous physical presence . . . end[s] when the alien has committed an offense referred to in section 1182(a)(2) of this title that renders the alien inadmissible"). Thus, when he was convicted for a controlled substance violation in 1996, Garcia-Jimenez could no longer meet the seven-year residency requirement.

## II. JURISDICTION

**[1]** The Immigration and Nationality Act ordinarily divests the court of appeals of jurisdiction to review any "final order of removal" against an alien who, like Garcia-Jimenez, has been found removable for committing a crime of moral turpitude or a controlled substance violation. 8 U.S.C. § 1252(a)(2)(C). The Act, however, states that "[n]othing [herein] . . . which limits or eliminates judicial review shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review." Id. § 1252(a)(2)(D). The issue that Garcia-Jimenez raises in his petition is a question of law — whether § 1229b(c)(6) bars him from simultaneously obtaining both a waiver of deportation under § 212(c) and cancellation of removal under § 1229b(a). Therefore, we have jurisdiction to review his petition.

## III. THE MERITS

**[2]** Section 1229b(c)(6) provides that cancellation of removal is not available to:

> [a]n alien whose removal has previously been cancelled under this section or whose deportation was suspended under section 1254(a) of this title or who has been granted relief under [§ 212(c)] of this title, as such sections were in effect before September 30, 1996.

Latching onto the word "previously," Garcia-Jimenez argues that § 1229b(c)(6) does not apply to him because he was granted § 212(c) relief in the *same* proceeding in which he sought cancellation of removal, not in a *previous* proceeding. Garcia-Jimenez misreads the statute.

**[3]** The plain language of the statute controls. *See Flores-Arellano v. INS*, 5 F.3d 360, 362 (9th Cir. 1993) (applying the

Act's plain language; "[t]he provision is not ambiguous, nor does its plain language lead to absurd results or internal statutory inconsistencies."). Section 1229b(c)(6) mentions three forms of relief — cancellation of removal, suspension of deportation under § 1254, and waiver of deportation under the former § 212(c). Congress inserted the word "or" into § 1229b(c)(6) in such a way as to create *three* different classes of aliens, each of which is the beneficiary of one of those *three* forms of relief. And the word "previously" appears in the part of the statute that identifies the first class of aliens, but not the second or third. *See* § 1229b(c)(6) (disqualifying "an alien whose removal has *previously* been cancelled under this section *or* . . . who has been granted relief under [§ 212(c)]" (emphasis added)). We will not ignore such a clear distinction in the statute. That is, with respect to grants of § 212(c) relief, § 1229b(c)(6)'s bar on further relief does not depend on *when* the alien received his waiver; it is sufficient if a waiver of deportation "has been granted."**³** § 1229b(c)(6). Indeed, we said as much in *Maldonado-Galindo v. Gonzales*, 456 F.3d 1064, 1067 (9th Cir. 2006):

> The statute is not ambiguous. Congress's language indicates as clearly as words can state that *any* receipt of § 212(c) relief will foreclose [§ 1229b(c)(6)] relief: cancellation of removal is unavailable to '[a]n alien whose removal has previously been cancelled under this section . . . or who has been granted relief under [§ 212(c)] . . . .'

*Id.***⁴** It is irrelevant that an alien may simultaneously apply for adjustment of status and § 212(c) relief.

---

**³**We offer no opinion as to what "previously" means with respect to aliens who initially received cancellation of removal.

**⁴**At issue in *Maldonado-Galindo* was whether § 1229b(c)(6) bars cancellation of removal for those aliens granted § 212(c) relief *before* IIRIRA's enactment. We held that, even if Congress did not "clearly indicate" in the statute that cancellation of removal is unavailable to an alien who received § 212(c) relief before IIRIRA's enactment, § 1229b(c)(6) does not have an impermissible retroactive effect. *Id.* at 1068.

The Eighth Circuit has come to the same conclusion. In *Munoz-Yepez v. Gonzales*, 465 F.3d 347 (8th Cir. 2006), the petitioner argued that his procedural due process rights were violated when the immigration judge ruled that § 1229b(c)(6) barred him from simultaneously obtaining § 212(c) relief and cancellation of removal. *Id.* at 350. The court held that "Congress intended to deny [cancellation of removal] to aliens who commit multiple deportable offenses. Therefore, it does not matter *when* the discretionary § 212(c) relief is granted; it disqualifies the alien from [§ 1229b] relief for a second, post-IIRIRA offense." *Id.*

**[4]** By enacting § 1229b(c)(6), Congress made its intention clear: an alien who has received § 212(c) relief — at any time — cannot also receive § 1229b relief. Garcia-Jimenez was eligible for one form of relief or the other, but not both.

## IV. CONCLUSION

**[5]** The BIA correctly held that 8 U.S.C. § 1229b(c)(6) barred Garcia-Jimenez from seeking cancellation of removal. The petition for review is DENIED.

---

PREGERSON, Circuit Judge, dissenting:

Garcia-Jimenez is not a man with a clean record. He has two convictions, and there is evidence that he engaged in alien smuggling. In June 1995, Garcia-Jimenez pled guilty to corporal injury of a spouse. In March 1996, he pled guilty to possession of cocaine. In May 2000, he allegedly attempted to smuggle his sister-in-law and niece into the United States.

On June 15, 2000, the former INS initiated removal proceedings against Garcia-Jimenez based on his convictions for domestic violence and drug possession. On February 19, 2002, the INS added a removability charge based on the

smuggling incident. All charges were before the IJ at one hearing. Garcia-Jimenez conceded removability, but sought both suspension of deportation and cancellation of removal. These two forms of relief are largely equivalent. In 1996, Congress passed the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009-597. That statute replaced the suspension of deportation process with the more stringent cancellation of removal process.

Because Garcia-Jimenez pled guilty to the domestic violence and drug charges *before* Congress enacted IIRIRA, he was eligible for a waiver of deportation under former § 212(c). The smuggling incident, however, occurred *after* IIRIRA. Therefore, with regards to the smuggling incident, Garcia-Jimenez was not eligible for § 212(c) relief and had to apply for cancellation of removal under § 1229b(a). The BIA held, however, that Garcia-Jimenez was not eligible for cancellation of removal because he had already received a waiver for suspension of deportation under § 212(c).[1]

Section 1229b(c)(6) provides that cancellation of removal is not available to:

> [a]n alien whose removal has previously been cancelled under this section or whose deportation was suspended under section 1254(a) of this title or who has been granted relief under [§ 212(c)] of this title,

---

[1]It appears from the record that there are many reasons why Garcia-Jimenez would not be eligible for cancellation of removal. However, as the BIA denied relief based on § 1229b(c)(6), we limit our review to that provision. Even if we overturn the BIA's decision based on that issue, it is unlikely that Garcia-Jimenez would ultimately obtain the relief he seeks. We are not concerned here with his general eligibility under the cancellation of removal statute. Instead, we are examining the effect of § 1229b(c)(6) where a petitioner simultaneously seeks relief under the pre-IIRIRA suspension of deportation rules and the post-IIRIRA cancellation of removal rules.

as such sections were in effect before September 30, 1996.

Garcia-Jimenez argues that § 1229b(c)(6) does not apply to him because he was granted § 212(c) relief in the *same* proceeding in which he sought cancellation of removal, not in a *previous* proceeding. I agree.

The majority opinion reads the word "previously" to refer only to a situation where an alien was granted relief under 8 U.S.C. § 1254. Section 1229b(c)(6) mentions three forms of relief: cancellation of removal under § 1229b(a), suspension of deportation under § 1254, and waiver of deportation under former § 212(c). As the majority explains, Congress used the word "or" in § 1229b(c)(6) to create three different classes of aliens. (Maj. Op. 6394.) The majority argues that the word "previously" appears in the part of the statute that identifies the first class of aliens, but not in the portion of the statute referring to the second or third classes of aliens. (Maj. Op. 6394.)

There is little support for the argument that Congress intended this section to apply to events occurring in a single immigration proceeding. Such a reading of the statute is untenable. It leads to an absurd result in situations like the case before us where an IJ does not reach the merits of an alien's petition simply because of the dates on which certain incidents occurred. Had all of Garcia-Jimenez's infractions occurred *before* September 30, 1996 (the effective date of IIRIRA), he would have been eligible to apply for a waiver of deportation. Had all of his infractions occurred *after* September 30, 1996, he would have been eligible to apply for cancellation of removal. Instead his infractions straddle this date, and the BIA denied review on the merits.

It is illogical to conclude that Garcia-Jimenez was "*previously* . . . granted relief under [§ 212(c)]," § 1229b(c)(6) (emphasis added), when that grant was part of the same pro-

ceeding where he applied for cancellation of removal. Construing "previously" narrowly to include decisions occurring in the same proceeding, effectively prevents any alien with multiple infractions on his record from even petitioning for appropriate relief. Taking the example before us: The IJ could have first granted a § 212(c) waiver of Garcia-Jimenez's domestic violence conviction. The IJ could have then refrained from evaluating the cocaine conviction because the IJ "previously" granted relief under § 212(c). This unreasonable result would be the effect of allowing "previously" to cover decisions made in the context of a single proceeding.

I agree with the petitioner's argument that "previously" in § 1229b(c)(6) must refer to a previous proceeding, not something that happened only minutes earlier within the same proceeding. This conclusion is further supported by the fact that all the forms of relief that Congress included in § 1229b(c)(6) are listed in the past tense: "an alien whose removal has previously been *cancelled* under this section or whose deportation was *suspended* under section 1254(a) of this title or who has been *granted* relief under [§ 212(c)]." Congress's use of the past tense in the statute supports the argument that the term "previously" refers to a proceeding that occurred in the *past*, and not a proceeding *currently* before the agency.

Accordingly, I respectfully dissent. I would hold the BIA incorrectly held that 8 U.S.C. § 1229b(c)(6) barred Garcia-Jimenez from seeking cancellation of removal. I would grant the petition for review and remand this case to the BIA for consideration of Garcia-Jimenez's petition for cancellation of removal on the merits.