**Norma ROA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

Nos. 05–75163, 06–70181.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007 *.

Filed Aug. 21, 2007.

Murray D. Hilts, Esq., Law Offices of Murray Hilts, San Diego, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Margot L. Nadel, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

In these consolidated petitions for review, Norma Roa, a native and citizen of the Philippines, petitions for review of two orders of the Board of Immigration Appeals, one dismissing her appeal from an immigration judge's ("IJ") removal order and the other denying her motion to reopen. We dismiss petition No. 05–75163 and deny petition No. 06–70181.

Roa acknowledges that her due process contention regarding the IJ's alleged failure to advise her about cancellation of removal was "not technically raised before the BIA." As this unexhausted claim is procedural in nature, we lack jurisdiction to review it. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (holding that exhaustion is mandatory and jurisdictional under 8 U.S.C. § 1252(d)(1)).

With respect to the denial of Roa's motion to reopen, we have jurisdiction pursu-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ant to 8 U.S.C. § 1252. *Fernandez–Ruiz v. Gonzales,* 468 F.3d 1159, 1163 (9th Cir. 2006). Roa's contention that the BIA abused its discretion in denying her motion to reopen is foreclosed by *Garcia–Jimenez v. Gonzales,* 488 F.3d 1082, 1086 (9th Cir. 2007) ("[A]n alien who has received § 212(c) relief—at any time—cannot also receive § 1229b relief.").

No. 05–75163: **PETITION FOR REVIEW DISMISSED.**

No. 06–70181: **PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.