**Maria Dolores LOPEZ DE GARCIA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–70983.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2009.

Filed Nov. 9, 2009.

Sylvia Baiz, Esquire, Law Offices of Sylvia A. Baiz, San Diego, CA, for Petitioner.

District Director, Esquire, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Richard M. Evans, Esquire, Assistant Director, OIL, Timothy Bo Stanton, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOULD and BEA, Circuit Judges, and HART,* District Judge.

## MEMORANDUM **

Maria Dolores Lopez de Garcia petitions for review of the Board of Immigration Appeals's ("BIA") order dismissing her appeal and affirming the Immigration Judge's ("IJ") denial of her request for cancellation of removal because she has an aggravated felony conviction.

Petitioner was charged with being removable under INA § 237(a)(1)(E)(i) (codified at 8 U.S.C. § 1227(a)(1)(E)(i)) for her 1998 conduct in smuggling aliens, and under INA § 237(a)(2)(A)(iii) (codified at 8 U.S.C. § 1227(a)(2)(A)(iii)) for her 1993

conviction for aiding and abetting in the transportation of illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(iii).

Petitioner raises issues of law, over which we have jurisdiction under the REAL ID Act of 2005, 8 U.S.C. § 1252(a)(2)(D). *See Fernandez–Ruiz v. Gonzales,* 410 F.3d 585, 587 (9th Cir.2005), *as adopted by, Fernandez–Ruiz v. Gonzales,* 466 F.3d 1121, 1124 (9th Cir.2006) (en banc). Petitioner contends she should have been allowed to file an application for a waiver under three provisions: (1) former INA § 212(c), codified at 8 U.S.C. § 1182(c); (2) INA § 212A(a), codified at 8 U.S.C. § 1229b(a); and (3) INA § 212(h), codified at 8 U.S.C. § 1182(h).

Both the BIA and the IJ assumed that petitioner was eligible for a waiver under INA 212(c), but nevertheless held that petitioner would still be removable as charged. We review the BIA's legal holdings de novo, *Abebe v. Mukasey,* 554 F.3d 1203, 1205 (9th Cir.2009) (en banc), and we deny the petition.

■■■ Petitioner was in removal proceedings, not exclusion proceedings. Therefore, she was not eligible to apply for INA § 212(c) relief (codified at 8 U.S.C. § 1182(c)). *See Abebe,* 554 F.3d at 1205. Further, aliens in removal proceedings are not denied equal protection of the law because Congress chose to make certain avenues of relief available to aliens in exclusion proceedings that it did not make available to aliens in removal proceedings. *Id.* at 1206–08.

■■■ Even assuming petitioner were eligible for INA § 212(c) relief for her 1993 conviction, she was still removable as

* The Honorable William T. Hart, United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

charged for her 1998 conduct under 8 U.S.C. § 1227(a)(1)(E)(i), and she still remained ineligible to apply for cancellation of removal. As the BIA has explained:

> [S]ince a grant of section 212(c) relief "waives" the finding of excludability or deportability rather than the basis of the excludability itself, the crimes alleged to be grounds for excludability or deportability do not disappear from the alien's record for immigration purposes.

*Matter of Balderas,* 20 I. & N. Dec. 389, 391 (BIA 1991). Thus, even if the charge of removability based on petitioner's 1993 conviction were eliminated under 212(c), petitioner would still face the separate charge of removability for her 1998 conduct, and her 1993 conviction would still bar her from seeking cancellation of removal on that charge.

Further, 8 U.S.C. § 1229b(c)(6) specifically prohibits a waiver of an aggravated felony charge in connection with an INA § 212(c) waiver, and 8 U.S.C. § 1229b(a)(3) specifically limits cancellation of removal to aliens who have not been convicted of an aggravated felony. Petitioner argues a § 212(c) waiver should erase her conviction for all immigration purposes, but it does not. We have already rejected this argument in *Garcia–Jimenez v. Gonzales,* 488 F.3d 1082 (9th Cir.2007).

Petitioner next argues she should have been allowed to apply for a waiver under INA § 212(h), codified at 8 U.S.C. § 1182(h), which sets forth several classes of aliens who are not eligible for visas or admission to the United States. As with § 212(c) relief, the statutory language makes clear § 212(h) does not apply to aliens in removal proceedings. Further, § 212(h) does not apply to petitioner be-cause she is a previously admitted legal permanent resident who was subsequently convicted of an aggravated felony. *Taniguchi v. Schultz,* 303 F.3d 950, 957–58 (9th Cir.2002).

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) and the tolling of the voluntary departure period shall continue in effect until issuance of the mandate. *Garcia v. Ashcroft,* 368 F.3d 1157, 1159 (9th Cir.2004) (order); *Desta v. Ashcroft,* 365 F.3d 741, 750 (9th Cir.2004).

**DENIED.**