**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SERGIO NAVARRO-RUIZ, | No. 08-71854 |
| Petitioner, | Agency No. A038-941-217 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 5, 2012
Pasadena, California

Before: PREGERSON, GOULD, and TALLMAN, Circuit Judges.

Petitioner Sergio Navarro-Ruiz, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") decision affirming an

Immigration Judge's ("IJ") determination that he was removable and ineligible for

relief due to his 1995 conviction for possession for sale of methamphetamine and

his 1996 conviction for possession of methamphetamine. The BIA concluded that

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Petitioner was not simultaneously eligible for waiver of inadmissibility under former 8 U.S.C. § 1182, INA § 212(c) and cancellation of removal under 8 U.S.C. § 1229b, INA § 240A.

Petitioner argues that the BIA did not provide him with meaningful review because, in deciding that he could not file for relief simultaneously under INA §§ 212(c) and 240A, the BIA relied on an unamended version of our opinion in *Garcia-Jimenez v. Gonzales*, 472 F.3d 679 (9th Cir. 2007). We disagree. Although the amended version of the opinion, *Garcia-Jimenez v. Gonzales*, 488 F.3d 1082 (9th Cir. 2007), included a dissent by Judge Pregerson and was available at the time of the BIA's decision, the text of the majority's opinion remained unchanged. Our panel is bound by the majority opinion in *Garcia-Jimenez*, 488 F.3d at 1083–86, which must be followed unless or until it is altered by a supervening higher authority such as an en banc panel of our Court or the United States Supreme Court. *See Miller v. Gammie*, 335 F.3d 889, 899–900 (9th Cir. 2003) (en banc). Judge Pregerson's dissent therefore does not change the majority's holding that INA § 240A(c)(6) is unambiguous and that aliens may not simultaneously receive cancellation of removal under INA § 240A(a) and waiver of deportation under INA § 212(c). *Garcia-Jimenez*, 488 F.3d at 1086.

Petitioner argues that repeal of former 8 U.S.C. § 1254(a)(2), INA § 244(a)(2), which allowed for suspension of deportation, is impermissibly retroactive as applied to him because at the time he entered his 1996 guilty plea he could not have known INA § 244(a)(2) would be repealed. The repeal of INA § 244(a)(2) is not impermissibly retroactive as applied to an alien who was not eligible for suspension of deportation at the time it was repealed. *Valencia-Alvarez v. Gonzales*, 469 F.3d 1319, 1330 (9th Cir. 2006). An alien was only eligible for suspension of deportation if he had good moral character for the period required. INA § 244(a)(2) (repealed 1997). "No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is, or was . . . (8) one who at any time has been convicted of an aggravated felony . . . ." 8 U.S.C. § 1101(f)(8), INA § 101(f)(8). Petitioner was convicted of an aggravated felony in 1995 and thus could not establish good moral character. Even if he received relief under INA § 212(c) for his 1995 conviction, that relief would not expunge the aggravated felony from his record, and he would remain ineligible for suspension of deportation. *Becker v. Gonzales*, 473 F.3d 1000 (9th Cir. 2007).

Petitioner argues that the government acted improperly by withholding issuance of an Order to Show Cause (predecessor to the Notice to Appear) until

after the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 was passed. Under 8 U.S.C. § 1252(g), INA § 242(g), and our decision in *Jimenez-Angeles v. Ashcroft*, 291 F.3d 594 (9th Cir. 2002), we do not have jurisdiction to consider Navarro-Ruiz's challenge to the timing of the commencement of his removal proceedings. We therefore dismiss his claim due to lack of jurisdiction

Finally, Petitioner argues that if he were entitled to file simultaneous INA §§ 212(c) and 240A petitions, an INA § 212(c) waiver for his 1995 conviction would make him eligible for first offender treatment for his 1996 conviction. Because Petitioner may not simultaneously file for relief under INA §§ 212(c) and 240A, this argument is moot.

The petition is **DENIED IN PART** and **DISMISSED IN PART**.