**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARMEN MONSANTO LONG, | No. 04-75566 |
| Petitioner, | Agency No. A013-524-177 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 11, 2011
Withdrawn from Submission April 29, 2011
Resubmitted April 13, 2012
Pasadena, California

Before: B. FLETCHER and WARDLAW, Circuit Judges, and KAVANAUGH,
Circuit Judge.[**]

Carmen Long petitions for review of the BIA's determination that she is

ineligible for relief from removal. We have jurisdiction to consider questions of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Brett M. Kavanaugh, Circuit Judge for the District of
Columbia Circuit, sitting by designation.

law raised in the petition of an alien who is removable because of a conviction for a crime involving moral turpitude. 8 U.S.C. § 1252(a)(2)(D); *Garcia-Jimenez v. Gonzales*, 488 F.3d 1082, 1085 (9th Cir. 2007).

Long is a seventy-two year old citizen of the Philippines. She has been a lawful permanent resident of the United States since 1964. Long was convicted of a crime involving moral turpitude more than thirty years ago. Immigration and Customs Enforcement (ICE) served Long with a notice to appear when she returned from a brief trip abroad. ICE alleged that Long was inadmissible as an alien convicted of a crime involving moral turpitude. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(I).

Long argued that she was returning from an "innocent, casual and brief" trip abroad, which was not meant to be meaningfully interruptive of her lawful permanent resident status. *See Rosenberg v. Fleuti*, 374 U.S. 449 (1963). The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) abrogated the *Fleuti* doctrine. *See* 8 U.S.C. § 1101(a)(13)(C)(v) (lawful permanent residents who have committed a crime involving moral turpitude must seek admission to the United States upon return from travel abroad); *Vartelas v. Holder*, No. 10-1211, 566 U.S. ___, slip op. at 2 (Mar. 28, 2012).

In *Vartelas v. Holder*, the Supreme Court held that 8 U.S.C. § 1103(a)(13)(C)(v) does not apply to an alien's pre-IIRIRA conviction. *Vartelas*,

slip op. at 2. The Court's opinion applies to pre-IIRIRA convictions, regardless of whether the alien was convicted after entry of a guilty plea or after a jury trial. *See Vartelas*, slip op. at 15–16 (rejecting the Second Circuit's conclusion that evidence of reliance is essential to application of the antiretroactivity principle); *see also id.* at 2, 8–9, 11–13. It appears that Ms. Long is eligible for relief under *Vartelas*. Nonetheless, we remand to the BIA to address this legal issue in the first instance. *Perdomo v. Holder*, 611 F.3d 662, 669 (9th Cir. 2010).

**PETITION FOR REVIEW GRANTED; REMANDED.**