[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14973
Non-Argument Calendar
_____

Agency No. A018-214-673

ELIODORO CEBALLOS DELGADO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 17, 2013)

Before HULL, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Eliodoro Ceballos Delgado, a native and citizen of Cuba proceeding with

counsel, seeks review of the decision of the Board of Immigration Appeals

("BIA") affirming the Immigration Judge's ("IJ") order of removal and denial of Ceballos Delgado's requests for a waiver of inadmissibility, pursuant to former Immigration and Nationality Act ("INA") § 212(c), 8 U.S.C. § 1182(c) ("§ 212(c) waiver"), and cancellation of removal, pursuant to INA § 240A(a), 8 U.S.C. § 1229b(a) ("cancellation of removal").  For the reasons set forth below, we deny Ceballos Delgado's petition.

## I.

In 2007, the Department of Justice served Ceballos Delgado with a Notice to Appear ("NTA"), charging him as being removable under INA § 212(a)(2)(A)(i)(II), 8 U.S.C. § 1182(a)(2)(A)(i)(II), because he was convicted of a controlled substance violation.  The NTA further alleged that, in 1987, Ceballos Delgado had been convicted of unlawful importation of marijuana, in violation of 19 U.S.C. § 1595a, and in 2005, he had been convicted of marijuana trafficking, in violation of Fla. Stat. § 893.135.  During the proceedings before an IJ, Ceballos Delgado admitted that he was convicted in 1987 for the marijuana-importation offense and that his conviction was for an aggravated felony.  Ceballos Delgado also admitted that he was convicted in 2005 of the marijuana-trafficking offense, and the IJ determined that the conviction was for a controlled substance offense that rendered Ceballos Delgado removable.  Ceballos Delgado contested, however, whether the 2005 conviction was for an aggravated felony.  Ceballos Delgado

2

requested a § 212(c) waiver with respect to his 1987 conviction and cancellation of removal with respect to his 2005 conviction.  The IJ denied Ceballos Delgado's requests for a § 212(c) waiver and cancellation of removal because he had been convicted of an aggravated felony.

Ceballos Delgado applied for withholding of removal, INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), and relief under the United Nations Convention Against Torture ("CAT"), 8 C.F.R. § 208.16(c).  The IJ denied those applications and ordered him removed.  Ceballos Delgado appealed, and the BIA determined that it agreed with the IJ that Ceballos Delgado's convictions rendered him ineligible to simultaneously apply for a § 212(c) waiver and for cancellation of removal.  The BIA also agreed that Ceballos Delgado had not established his eligibility for withholding of removal and CAT relief.[1]

## II.

On appeal, Ceballos Delgado acknowledges that other circuits have determined that granting a § 212(c) waiver does not expunge the relevant offense or its categorization, and thus, a § 212(c) waiver does not preclude the relevant offense from operating as a bar to other forms of immigration relief.  Nevertheless, Ceballos Delgado contends that it would be contrary to BIA precedent to allow

---

[1] Ceballos Delgado has abandoned any argument relating to the denial of his claims for withholding of removal and for CAT relief by not addressing these issues on appeal.  *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (holding that issues were abandoned where the alien did not offer argument on the issue to our Court).

him to obtain a waiver under § 212(c) with respect to his 1987 aggravated-felony conviction, but then use his 1987 conviction to bar him from relief under § 240A(a). He cites to *Matter of Rainford*, 20 I. & N. Dec. 598 (BIA 1992), in support of his argument.

We review questions of law *de novo*. *Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1326 (11th Cir. 2003). Because the IJ's decision that Ceballos Delgado was not entitled to a § 212(c) waiver or cancellation of removal was based on a legal determination, and not a discretionary or factual one, we have jurisdiction to review the issue presented on appeal. *See* INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D) (providing that we have jurisdiction to review constitutional claims or questions of law).

An alien convicted of a violation of any federal or state law relating to a controlled substance offense is inadmissible. INA § 212(a)(2)(A)(i)(II), 8 U.S.C. § 1182(a)(2)(A)(i)(II). An alien who is inadmissible under INA § 212, 8 U.S.C. § 1182 is considered removable. INA § 240(e)(2)(A), 8 U.S.C. § 1229a(e)(2)(A). Prior to 1996, an alien who had accrued seven years of lawful permanent residence in the United States could request that the Attorney General waive the alien's basis for excludability or deportation pursuant to INA § 212(c), 8 U.S.C. § 1182(c).[2]

---

[2] After 1996, exclusion proceedings and deportation proceedings, which had previously been separate and distinct, were merged into unified removal proceedings. *Dormescar v. U.S. Att'y Gen.*, 690 F.3d 1258, 1260 (11th Cir. 2012).

*Ferguson v. U.S. Att'y Gen.*, 563 F.3d 1254, 1260 & n. 12 (11th Cir. 2009). Under this provision of the INA, an alien convicted of an aggravated felony was eligible for such discretionary relief so long as he did not serve more than five years' imprisonment. *Id.* at 1260. In 1996, Congress repealed this relief under the INA, replacing it with a procedure referred to as "cancellation of removal." *Id.* at 1260 & n.11. In *I.N.S. v. St. Cyr*, the Supreme Court held that, despite its repeal, § 212(c) waivers remained available for aliens whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for a § 212(c) waiver at the time of their plea under the law then in effect, as these aliens had almost certainly relied upon the likelihood of them receiving such relief in deciding whether to forgo their right to a trial. 533 U.S. 289, 325-26, 121 S.Ct. 2271, 2293, 150 L.Ed.2d 347 (2001).

Cancellation of removal, in contrast to relief under § 212(c), is not available to an alien who has been convicted of an aggravated felony. INA § 240A(a)(3), 8 U.S.C. § 1229b(a)(3). Further, the provisions of § 240A(a) do not apply to "[a]n alien whose removal has previously been cancelled under this section or . . . who has been granted relief under section 1182(c) of this title, as [that section was] in effect before September 30, 1996." INA § 240A(c)(6), 8 U.S.C. § 1229b(c)(6).

In *Peralta-Taveras v. U.S. Att'y Gen.*, the Second Circuit persuasively held that an alien with two convictions, one of which was a 1996 conviction for an

5

aggravated felony, could not obtain relief from removal through simultaneous consideration of his applications for a § 212(c) waiver and cancellation of removal. 488 F.3d 580, 583-84 (2d Cir. 2007). Specifically, the granting of a § 212(c) waiver did not expunge the 1996 conviction or its categorization as an aggravated felony. *Id.* Thus, regardless of the availability of a § 212(c) waiver, the 1996 aggravated-felony conviction still precluded the granting of the alien's application for cancellation of removal with respect to the other offense rendering him removable. *Id.* at 584-85 (noting that the Third, Fifth, Eighth, and Ninth Circuits had recently rejected claims similar to Peralta-Taveras's claims). The Second Circuit also determined that granting a § 212(c) waiver precluded the granting of cancellation of removal, as INA § 240A(c)(6), 8 U.S.C. § 1229b(c)(6) expressly precludes cancellation of removal for aliens who have received a § 212(c) waiver. *Id.* at 585-86; *see also Garcia-Jimenez v. Gonzales*, 488 F.3d 1082, 1085-86 (9th Cir. 2007) (persuasively holding that INA § 240A(c)(6), 8 U.S.C. § 1229b(c)(6) bars an alien who has received a § 212(c) waiver, at any time, from receiving cancellation of removal, such that an alien may be eligible for one form of relief or the other, but not both).

Here, Ceballos Delgado concedes that his 1987 conviction is an aggravated felony. Based on the persuasive authority of other circuits, even if he obtained a waiver of inadmissibility with respect to his 1987 conviction, that conviction

would not be expunged from his record. *See Peralta-Taveras*, 488 F.3d at 583-85. Thus, that conviction would bar him from obtaining cancellation of removal with respect to his 2005 conviction, as cancellation of removal is not available to aliens convicted of aggravated felonies. *See* INA § 240A(a)(3), 8 U.S.C. § 1229b(a)(3). Because he cannot obtain cancellation of removal with respect to his 2005 conviction, which, as a controlled substance offense, provides a basis for his removal, the BIA did not err in determining that Ceballos Delgado cannot seek both a § 212(c) waiver and cancellation of removal. Additionally, based on the text of § 240A(c)(6) and the persuasive authority of other circuits, we conclude that Ceballos Delgado is barred from receiving both a § 212(c) waiver and cancellation of removal, such that he is only eligible for one or the other, but not both. *See Peralta-Taveras*, 488 F.3d at 585-86; *Garcia-Jimenez*, 488 F.3d at 1085-86.

*Matter of Rainford* does not affect our decision. In that case, the IJ had determined that an alien who is not subject to a statutory ground of exclusion, but who would immediately become subject to deportation upon entry to the United States, must be found inadmissible. *Matter of Rainford*, 20 I. & N. Dec. at 599. The BIA determined that, by requiring the alien to prove that he would not ultimately become deportable once admitted for lawful permanent residence, the IJ placed an additional burden on the alien that did not appear in the relevant statutes.

*Id.* at 600-01.  Here, Ceballos Delgado is not subject to any burden not intended by Congress.  Rather, as set out in INA § 240A(c)(6), 8 U.S.C. § 1229b(c)(6), he is simply ineligible to obtain both a § 212(c) waiver and cancellation of removal.

For the foregoing reasons, we deny Ceballos Delgado's petition.

**PETITION DENIED.**

8