**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IGNACIO GONZALEZ QUINONEZ, | No. 11-74022 |
| Petitioner, | Agency No. A090-054-039 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 8, 2015[**]
Pasadena, California

Before: W. FLETCHER, PAEZ, and BERZON, Circuit Judges.

Ignacio Gonzalez Quinonez petitions for review of the Board of Immigration

Appeals's (BIA) decision finding him removable for having been convicted of two

crimes involving moral turpitude (CIMTs), 8 U.S.C. § 1227(a)(2)(A)(ii), and an

aggravated felony, 8 U.S.C. § 1227(a)(2)(A)(iii); 8 U.S.C. § 1101(a)(43)(F), and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

pretermitting his applications for cancellation of removal, 8 U.S.C. § 1229b(a), and under former section 212(c), 8 U.S.C. § 1182(c). We deny the petition.

1. As the government concedes, the BIA's pretermission of 212(c) relief based on the lack of a "statutory counterpart in the grounds of inadmissability" was erroneous. *See Judulang v. Holder*, 132 S. Ct. 476 (2011).

2. Remand would be futile. Gonzalez admitted that he had been convicted in 2009 for a violation of California Penal Code § 422 and in 2011 for a violation of California Penal Code § 647(b). The Immigration Judge (IJ) found the convictions established by clear and convincing evidence, and Gonzalez did not challenge that conclusion before the BIA.

We have held that convictions under both statutes are categorically CIMTs. *See Rohit v. Holder*, 670 F.3d 1085 (9th Cir. 2012); *Latter-Singh v. Holder*, 668 F.3d 1156 (9th Cir. 2012). Therefore, even without relying on the 1993 conviction at all, Gonzalez is removable for having committed two CIMTs.

Gonzalez is ineligible for relief from that ground of removability. First, because both convictions were entered after April 1, 1997, even if Gonzalez were granted 212(c) relief, it would not waive this ground of removability. *Matter of Abdelghany*, 26 I. & N. Dec. 254, 261 (BIA 2014). Second, Gonzalez is ineligible for cancellation, both because he was previously convicted of an aggravated

felony, *see Becker v. Gonzales*, 473 F.3d 1000, 1003-04 (9th Cir. 2007), and because, in order to avoid being separately removable for the aggravated felony, he would need to obtain 212(c) relief, which would foreclose also seeking cancellation, *see Garcia-Jimenez v. Gonzales*, 488 F.3d 1082, 1085-86 (9th Cir. 2007).

Neither the IJ nor the BIA held that the 2011 conviction was a CIMT. No remand is necessary, however, because that question has been settled by *Rohit*. *See Medina-Lara v. Holder*, 771 F.3d 1106, 1117 (9th Cir. 2014).

**PETITION DENIED.**