NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 19 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE JESUS SALGADO-FRANCO,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No.  13-74364

Agency No. A075-090-469

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2016[**]
San Francisco, California

Before:  HAWKINS, BERZON, and MURGUIA, Circuit Judges.

Jose Jesus Salgado-Franco, a Mexican citizen, petitions for review of the

Board of Immigration Appeals' ("BIA") decision dismissing his appeal and

affirming the Immigration Judge's denial of his request for cancellation of

removal. We have jurisdiction pursuant to 8 U.S.C. § 1252.  We review de novo

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

legal determinations regarding an individual's eligibility for cancellation of removal, *Montero–Martinez v. Ashcroft*, 277 F.3d 1137, 1145 (9th Cir. 2002), and we review factual findings for substantial evidence, *Ali v. Holder*, 637 F.3d 1025, 1028–29 (9th Cir. 2011). We deny Salgado-Franco's petition for review.

1. The BIA properly determined that Salgado-Franco was ineligible for cancellation of removal because his deportation was previously suspended. *See* 8 U.S.C. § 1229b(c)(6). Although Salgado-Franco argues that he had obtained suspension of deportation relief as a derivative of his mother's application, reasonable and substantial evidence supports the BIA's conclusion that Salgado-Franco received this relief independent of his mother's claim. The record shows that Salgado-Franco had completed his own application for suspension of deportation. In his application, Salgado-Franco described the extreme hardship that he would personally suffer if deported to Mexico; the hardship described was not necessarily dependent on the success of his mother's application. Because Salgado-Franco previously received suspension of deportation relief, under § 1229b(c)(6), he is not eligible for cancellation of removal. *See Garcia-Jimenez v. Gonzales*, 488 F.3d 1082, 1085 (9th Cir. 2007).

2. We lack jurisdiction to review Salgado-Franco's contention that he

remains eligible for cancellation of removal because he was granted suspension of deportation relief after September 30, 1996, because he failed to exhaust this claim before the BIA. *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION DENIED.**