**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 17 2017



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA CANO IRIBE, | No. 13-72388 |
| Petitioner, | Agency No. A090-054-115 |
| v. | |
| JEFF B. SESSIONS, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2017**
Pasadena, California

Before: KLEINFELD, IKUTA, and NGUYEN, Circuit Judges.

Maria Cano Iribe, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals's order dismissing her appeal from an immigration

judge's decision finding her removable and ineligible for relief from removal in the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

form of either cancellation of removal under section 240A(a) of the Immigration and Nationality Act ("Act"), 8 U.S.C. § 1229b(a), or a waiver of deportability under former section 212(c) of the Act, 8 U.S.C. § 1182(c) (1994). Because Iribe is removable as an aggravated felon under 8 U.S.C. § 1227(a)(2)(A)(iii), our jurisdiction is limited to colorable constitutional claims and questions of law. See 8 U.S.C. § 1252(a)(2)(C)-(D). Assuming that her claim is "colorable," she nevertheless failed to demonstrate that prior counsels' conduct resulted in prejudice, so we agree with the BIA that her ineffective assistance of counsel claim fails. See Rojas–Garcia v. Ashcroft, 339 F.3d 814, 826 (9th Cir. 2003) (petitioner must demonstrate prejudice to prevail on an ineffective assistance of counsel claim). Iribe cannot demonstrate the required prejudice because proof that she had committed the two alien smuggling offenses and the drug offense was unavoidable no matter what her lawyers might have done, and there was no form of relief that could have obtained a waiver of all of her grounds of removability. See Sanchez v. Holder, 704 F.3d 1107, 1110 (9th Cir. 2012) (per curiam) (affirmative acts furthering smuggling scheme elevates an alien's participation above "a passive participant"); Garcia-Jimenez v. Gonzales, 488 F.3d 1082, 1084 (9th Cir. 2007) (noting that section 1229b(c)(6) "prohibits an alien from receiving *both* waiver of deportation *and* cancellation of removal"). To the extent Iribe argues that the

2

Board of Immigration Appeals erred in finding her removable, we lack jurisdiction over her claim because our jurisdiction is limited to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D).

**PETITION FOR REVIEW IS DISMISSED IN PART AND DENIED IN PART.**